HOUSTON & TEXAS CENTRAL RAILWAY CO. v. PETER RODICAN.

Delivered March 30, 1897.

1. **Railroads—Accident at Crossing—Charge of Court—Weight of Evidence.**

   In an action against a railroad company for damages sustained through the failure of the train operatives to give the statutory signals at a public crossing, a charge which imposes upon the plaintiff the duty of discovering the approaching train sooner than he did is a charge upon the weight of the evidence.

2. **Same—Same—Evidence.**

   In an action against a railroad company for injuries at a public crossing, evidence was properly admitted to the effect that trains were accustomed to give signals at the crossings in question.

3. **Same.**

   In an action against a railroad company for injuries at a public crossing, the testimony of a railroad expert was properly admitted to the effect that if a person on a train can hear another train whistle a mile off, he should hear such train that distance if on a hand car.

4. **Same—Evidence Supporting Verdict for Plaintiff.**

   In an action against a railroad company, where the evidence showed that the plaintiff, a section hand, on the sudden approach of a train, and under a sense of impending danger, leaped from his hand car in the only direction open to him, and that the condition which brought about his conduct was due solely to the negligence of the defendant, a verdict awarding damages to him for injuries sustained will not be set aside as unsupported by the testimony.

APPEAL from Tarrant. Tried below before Hon. S. P. GREENE.

*C. M. Templeton,* for appellant.

*Pruitt & Smith,* for appellee.

TARLTON, Chief Justice.— *Conclusions of Fact.*—On October 26, 1894, the appellee, Peter Rodican, was engaged as a section hand in the service of the appellant. About 5:30 o'clock on the evening of that day, with five others, including a foreman, he was riding on a hand car, returning home from work. The hand car had reached a culvert on defendant's track about two miles and a half north of Calvert, Texas. At a distance varying, according to the testimony, from 1000 to 1129 feet north of the culvert was a public crossing. As the hand car was crossing the culvert, the appellee, standing on its south end and facing north, was assisting in propelling it, when a freight train of the appellant suddenly emerged from a curve in the track at a point a short distance north of the crossing. Thereupon the appellee, having given notice of the approach of the train, leaped, as the evidence tends to show, at the bidding of the foreman, in front of the hand car, under a sense of impending peril, and before he could leave the track he fell and the wheels of the hand car ran over a lower limb, inflicting upon his foot and ankle serious injuries, for which he brought this suit and recovered a verdict and judgment in the sum of $900.

The verdict of the jury, interpreted in the light of the evidence, establishes the following conclusions upon the contested issues of facts:

The operatives of the appellant's freight train were guilty of negligence proximately causing the plaintiff's injuries. This negligence consisted either in the failure to give the statutory signals on the approach of the train at the public crossing above referred to, or in the fact that the train was run at an unusual and excessive rate of speed, or both.

The plaintiff's conduct or act in leaping from the hand car at the time of the injury was not other than such as would have characterized a man in the exercise of ordinary prudence under similar circumstances, unless it may be said that his conduct was imprudent for the reason that it was brought about by a situation of real or apparent danger, for which he was not responsible, and which, indeed, was caused by the negligence of the appellant. If this situation of danger was not real, it was yet apparent, and was reasonably calculated to cause a man of ordinary prudence to believe, and it did cause the plaintiff to believe, that he was in imminent peril, and it produced in his mind a sense of fright such as rendered him incapable of determining the best means of escape.

The injuries sustained by the plaintiff did not result solely from the ordinary risks incident to the service of a section hand in which he was engaged.

The damages awarded him were not excessive.

*Conclusions of Law.*—The first and third assignments of error com-

plain of certain portions of the court's charge, on the ground that the instructions were indefinite and confusing, and that the language employed was not plain, and was defective in failing to announce the duty imposed by law upon the plaintiff, situated as he was on a hand car at the time of his injuries, on the defendant's track. We think the assignments and the propositions urged in support of them are without merit. The charge is lengthy, and it is unnecessary to set out the paragraphs referred to in these assignments. When read in connection with the remaining paragraphs bearing upon the same subject, they impress us as quite clear and comprehensive upon the issue of contributory negligence referred to therein.

The fourth and seventh assignments complain of the refusal of the court to grant special charges 1 and 3; charge 1 purporting to state the conditions on which the plaintiff would be entitled to recover, in the event that he was in a position of apparent, but not real, danger at the time he leaped from the hand car; special charge 3 defining the consequences of his act in leaping from the car, in the event that the danger to him was not sufficient to require this course. We are of opinion that the propositions contained in the court's general charge referring to the phases of the case here suggested sufficiently guarded the rights of the contesting parties.

We think, also, that the charge of the court on the subject of assumed risks was sufficient, and that the court was not called upon to give the fifth special instruction requested by the defendant upon that subject.

The subject matter of special charge No. 6, the refusal of which is complained of in the ninth assignment of error, was sufficiently covered by the court's general charge on the issue of contributory negligence. In view of the fact, quite undisputed, that the appellant failed to give the usual and statutory signals at the public crossing, to which we have referred, this instruction, imposing it as a duty upon the plaintiff to discover the approaching train sooner than he did, under penalty of being guilty of contributory negligence, would have been a charge upon the weight of the evidence, and misleading, as we think.

No prejudicial error, if, indeed, any error whatever, was committed in hearing evidence to the effect that the trains of the appellant were accustomed to give signals at the crossing in question, or to the further effect, as disclosed by the evidence of the witness Flynn, an expert in the railroad service, that if a person on a train can hear another train whistle a mile off, he should hear such train that distance if on a hand car.

We have had some difficulty in disposing of the issue presented in different phases by the sixteenth, seventeenth, nineteenth and twentieth assignments of error, complaining that the verdict was unsupported by the testimony. We have concluded, after careful scrutiny of the evidence, that if we should disturb the verdict, approved in the first in-

stance by the trial judge, we would unduly interfere with the province of the jury.

If the plaintiff and his witnesses are to be believed, he leaped from the hand car under a sense of impending danger to his life, when, as it appeared to him, on account of obstructions to his right and to his left, and to the structure of the defendant's track, there was no method of escape other than that sought by him; that he was in no sense responsible for the condition which brought about his conduct, but that this was due solely to the negligence of the defendant. Railway v. Neff, 87 Texas, 309.

Hence the judgment is in all things affirmed.          *Affirmed.*

Writ of error refused.