## International & Great Northern Railway Company
## v. Sallie Neff et al.
### No. 198.

**1. Charge—Contributory Negligence.**

On the trial for damages for negligently causing the death of the husband and father of the plaintiffs, there was evidence tending to show contributory negligence on the part of the deceased, who was run over and killed upon the track of the defendant. The court correctly defined the duty of the deceased when approaching the track, but did not tell the jury what effect a failure to observe the required precautions would have in determining the liability of the defendant company. *Held,* that such charge did not submit to the jury the issue of contributory negligence. Such defect is reversible error .........  ......................................... 307

**2. Charge—Looking and Listening.**

A requested charge, that it was the duty of the deceased on approaching the track to "look and listen for engines and trains before crossing the track," was properly refused ........  ...................................... 308

**3. Imprudent Acts Under Apparent or Real Danger.**

The rule is sound and just which holds the party guilty of negligence responsible for the result if that negligence has caused another to be affected by circumstances appearing to threaten his life or serious bodily injury; whether such person be prudent or imprudent, if in an effort to save his life he makes a choice of means from which injury results, and notwithstanding it may turn out that if he had done differently, or had done nothing, he would have escaped injury ....................................... 309

Error to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

*Barnard & McGown,* for plaintiff in error.—1. The defense of contributory negligence on the part of deceased having been pleaded, and there being testimony to support the plea, the trial court ought to have submitted this issue under the requested charge. Rev. Stats., art. 1317; Railway v. Tankersley, 63 Texas, 61; Railway v. Underwood, 64 Texas,

463; Railway v. Scott, 64 Texas, 551; Railway v. Edwards, 78 Texas, 309; Railway v. Le Gierse, 51 Texas, 202.

2. It was the duty of deceased to have exercised that care and prudence in attempting to cross defendant's track, he being possessed of his usual senses and familiar with the danger incident to this crossing, which a person of ordinary prudence would have done under similar circumstances; and the court ought to have instructed the jury as to reciprocal duties of the deceased and the railway company, and that he could not recover if his own negligence was the proximate cause of his death. Railway v. Bracken, 59 Texas, 71; Railway v. Graves, 59 Texas, 330; Railway v. York, 74 Texas, 364; Railway v. Kutac, 72 Texas, 651; Railway v. Anderson, 76 Texas, 251; Railway v. Wilson, 60 Texas, 143; Railway v. Greenlee, 62 Texas, 350.

3. If deceased found himself in a position of danger, whether by his own act or that of the appellant, the law imposed upon him the duty of acting as a person of ordinary care and prudence would have done under like circumstances, and the jury ought to have been so instructed by the court. Railway v. Beaty, 73 Texas, 593; Railway v. McDonald, 75 Texas, 47.

*Wright & Sumerlin*, for defendant in error, cited: Acts 18th Leg., p. 28; Railway v. Wilson, 60 Texas, 142; Railway v. Carson, 66 Texas, 345; Bridge and Transfer Co. v. Varela, 22 S. W. Rep., 99; Johnson v. Railway, 21 S. W. Rep., 274: Railway v. Whitton's admr., 13 Wall., 270; Railway v. Ives, 144 U. S., 408; Railway v. Powers, 149 U. S., 43; Pierson on Rys., 329–355; 1 Redf. on Rys., 5 ed., 574; 2 Wood's Ry. Law, 1310–1319.

BROWN, ASSOCIATE JUSTICE.—In the city of San Antonio the railroad of the plaintiff in error crosses West Commerce street at right angles, the line of the railroad running north and south at that point. There were a number of tracks at this point, and between two of them there was erected, near the crossing of the street on the north side of it, a switchman's house, and some ties piled, so that by these obstructions one who approached the main track from the west could not see an approaching engine and tender until upon or nearly upon the track. David Neff and Louis Sein were travelling east upon Commerce street in a one-horse wagon, and when arrived near the crossing, seeing a freight train coming down the track, they halted for it to cross. An engine and tender, with the tender in front, were following the freight train at a distance of about thirty feet. No bell was rung or whistle blown upon the engine nor any signal given of its approach, and it being hidden from the view of the men in the wagon, they were not apprised of its approach, and immediately after the freight train passed they started to cross the track. Just about the time they got

upon the track they discovered the engine and tender coming down upon them, and so near that they became alarmed and jumped from the wagon in the rear. From some cause they failed to clear the track and fell upon it, both of them being run over by the engine and tender and killed. The horse and wagon crossed over without being injured, and if the men had remained in the wagon they would have escaped. The railroad was at that time in the hands of T. M. Campbell, receiver, appointed by the District Court of Smith County, and the engine in question was being operated by his employes. Campbell was discharged by the court and the property restored to the company; after which Sallie Neff, the widow of David Neff, and the children of herself and said Neff, sued both Campbell, as receiver, and the railroad company. The petition alleged that David Neff was killed by the negligence of the receiver and his employes, with appropriate allegations of fact showing the negligence.

Defendants pleaded a general denial, and specially, that David Neff was guilty of contributory negligence in failing to use proper care to ascertain the approach of the engine before attempting to cross the track, which negligence was the proximate cause of his death; and also that said Neff was guilty of contributory negligence in jumping from the wagon upon the track, when if he had remained in it he would have escaped, which negligence was the cause of his death.

A trial was had before a jury, and verdict and judgment rendered for the plaintiffs, which upon appeal was affirmed by the Court of Civil Appeals.

The case is before this court upon objection to charges given and for error in refusing charges requested, which, so far as necessary to determine the points presented, we here copy.

The court in its general charge instructed the jury as follows:

"3. You will inquire from the evidence if David Neff, the husband and father of the plaintiffs, was killed by a locomotive owned and operated by the defendant, the International & Great Northern Railroad Company, or by T. M. Campbell, the receiver of said railroad company, at the street crossing on West Commerce street, in the city of San Antonio, as alleged in plaintiffs' petition. If you find this in the affirmative, you will inquire further from the evidence if the said David Neff, in crossing said defendant's railway track, used all the caution and prudence which would be exercised by a prudent person under like circumstances. It was the duty of said Neff in approaching defendant's track to exercise prudence and care and to look for trains and engines approaching upon said track. It was the duty of the defendant and its agents and employes to use and exercise ordinary care and prudence in the operation of its trains and engines along and upon its tracks, and to use great care in the operation thereof when approaching public road crossings or street crossings, and it is its duty

when so approaching to sound the bell of the engine continuously. If you find from the evidence that the employes of defendant did use care and prudence in approaching this West Commerce street crossing at that time, and did sound the customary signal of ringing the engine bell, and that when they discovered Neff on the track they used every effort in their power to avert the accident and to stop the engine before it could strike said Neff, then the defendants are not guilty of negligence, and you will find for the defendants. If, however, you believe from the evidence that the said David Neff used all the caution and prudence that would be used by a reasonably cautious and prudent person under like circumstances in travelling said street and crossing defendant's track, but that the defendant's agents and employes in operating the engine that caused the accident failed to use the precautions required to avoid inflicting injury upon persons crossing said railroad track, and said negligence in operating said engine contributed proximately to the cause of the death of said David Neff, as especially set forth in plaintiffs' petition, then you will find for the plaintiffs such sum of money," etc.

The defendant asked the court to charge as follows, which was refused by the court:

"2. If the jury believe from the evidence that David Neff, the husband and father of the plaintiffs, was killed by a locomotive owned and operated by the defendant International & Great Northern Railroad Company, or by T. M. Campbell, the receiver of said railroad company, at the street crossing on West Commerce street, in the city of San Antonio, then they will inquire what caused the death of said David Neff, and if from the evidence you believe that the death of David Neff was caused by his own negligence, or that his own negligence contributed proximately to his death, you will return a verdict in favor of the defendant International & Great Northern Railroad Company, although you may at the same time believe that the engine which caused the death of said Neff was being negligently operated by the defendant's agents or employes, or agents of the receiver, T. M. Campbell.

"3. If you believe from the evidence that David Neff, the husband and father of the plaintiffs, was a man possessed of all his senses (seeing and hearing), and familiar with the West Commerce street crossing through the yard of defendant International & Great Northern Railroad Company, and knew that the custom and practice of the company was to switch cars backward and forward upon its track across said West Commerce street, then it was his duty in approaching defendant's track to approach the same with prudence and care, and to look for trains and engines approaching upon said track; and if you further believe from the evidence that said Neff, without the exercise of ordinary prudence and care, carelessly and negligently drove upon

the track of defendant and was there caught by defendant's engine and killed, then I charge you that the plaintiffs can not recover.

"5. If you believe that David Neff could have escaped being injured by the exercise of the prudence, caution, and sense of an ordinarily prudent, cautious, and sensible man, and that by remaining in the wagon and making an effort to cross the track that he would not have been injured, then I charge you that you will find for the defendants."

The fourth special charge asked and refused was given almost literally in the charge of the court and it is unnecessary to copy it here, there being no possible error in refusing to give it.

There was sufficient evidence in this case under the pleadings to raise the question of contributory negligence on the part of David Neff in two particulars: first, whether or not he failed to exercise ordinary care in approaching and crossing defendant's track; and second, was he, by the negligence of defendant, placed in such imminent peril as to make it responsible for the consequences of his jumping from the wagon.

It was the duty of the court to submit these issues to the jury by appropriate charges. The charge as given by the court defined the duty of Neff in approaching and crossing the track in a manner that defendant can not complain of, but in no part of the charge is the jury told what effect a failure to observe the required precautions would have upon the rights of the plaintiffs in this suit. It may possibly be inferred from the charge that a failure to perform the defined duties would prevent a recovery; it is doubtful, however, if a jury, unlearned in the law, would ever understand that a failure by Neff to exercise ordinary care would prevent a recovery in case the defendants were also negligent. Yet this is the law, and the jury should have been so informed by the court. Railway v. Bracken, 59 Texas, 71; Railway v. Graves, 59 Texas, 330.

In Railway v. Trawick, 84 Texas, 73, this court said: "The charge of the court in a brief and general way does seem to recognize that the plaintiff must have been without fault to recover. Still the vital issue, whether he was negligent at the time of the injury, by reason of the fact that he was engaged in an act which contributed to his injury, was submitted in the instruction asked." In the charge under consideration the issue of negligence is not submitted at all to the jury, for it can not be reasonably claimed that to define a duty, without stating the penalty of disregarding the performance of that duty, does present to the jury any issue as to whether or not the deceased was negligent by reason of failing to use ordinary care in approaching and crossing the defendants' track at the time that he was injured. The second charge requested by defendant, and which the court refused to give, presented that question fairly, and should have been given.

The third and fifth charges asked by the defendant were rightly refused. While the third charge embodied the law in part, it was fatally erroneous in requesting the court to charge the jury, that it was the duty of the deceased to "look and listen for engines and trains before crossing the track," and it was properly refused for that reason. Railway v. Wilson, 60 Texas, 142; Railway v. Moore, 69 Texas, 160.

The fifth charge was directed to the issue that deceased was guilty of contributory negligence in jumping from the wagon. It did not present the law applicable to any phase of the case. Mr. Beach, in his work on Contributory Negligence, section 14, states the rule as follows: "When a plaintiff, through the negligence of the defendant, is placed in a situation where he must adopt a perilous alternative, or where, in the terror of an emergency for which he is not responsible and for which the defendant is responsible, he acts wildly or negligently, and suffers in consequence, such negligent conduct under these circumstances is not contributory negligence, for the reason that persons in great peril are not required to exercise all that presence of mind and carefulness which are justly required of a careful and prudent man under ordinary circumstances. In such a case the negligent act of the defendant is the proximate cause of the injury, and the plaintiff may have his action, * * * even though the injury would not have happened if the acts had not been done." In this definition Mr. Beach includes the qualification, "if the acts done were such as an ordinarily prudent person might have been expected to do under like circumstances." This qualification we believe to be useless, if not in fact calculated to confuse the jury when expressed in a charge. If one placed in imminent peril by the negligence of another is required to act with care and prudence, then the imprudent man who is easily alarmed is not protected at all under that state of case. It is a fact as well known as any other connected with the subject of ordinary care, that a man of prudence under such conditions may at one time act wisely, and at another, being terrified by the sudden danger, will do things that could not be attributed to a person of ordinary prudence, because at the time, under the influence of fear, he is not a prudent person, being deprived of his presence of mind by the perils of his situation. If it be said that a man of ordinary prudence could not be expected to exercise care under these conditions, then there is no need to use the qualifying words, because they do not express any duty resting upon the imperiled person.

Let us apply the rule to the facts of this case. Neff and Sein were required by the law to use the degree of care in approaching and crossing the track that an ordinarily prudent person would use under like circumstances, because they are then acting under the control of their faculties undisturbed by any act of the railroad company, and if they were imprudent by nature or careless on this occasion the rail-

road company is not responsible, because its negligence has not caused them to so act. If the railroad company was without fault, then it could not be held liable whether the injured persons acted prudently or rashly, because it had not placed them in the situation of danger. If, however, the railroad company was guilty of negligence in not giving the signals, by which the deceased were caused to be in danger, then, whether they acted wisely and cautiously, or otherwise, it is liable, because it is responsible for the circumstances which produced the action on their part. We cite the following cases out of the great number on this subject: Jones v. Boyce, 1 Starkie's Cases (English), 439; Coulter v. Express Co., 56 N. Y., 585; Twomly v. Railway, 69 N. Y., 158; Cook v. Parham, 24 Ala., 21; Karr v. Parks, 40 Cal., 188; Railway v. Stout, 53 Ind., 143; Frick v. Potter, 17 Ill., 406; Railway v. Becker, 76 Ill., 25; Mark v. Railway, 30 Minn., 493; Railway v. Pauck, 24 Ga., 356; Stokes v. Saltonstall, 13 Pet., 193.

In Cook v. Parham, cited above, suit was instituted to recover the value of a slave who was hired to work as a deckhand upon a steamboat, and who jumped from the boat into the river, there having been a collision between the boat on which he was employed and another boat. It was claimed that if the slave had used ordinary prudence he could have escaped from the sinking boat without injury. The court said: "That the death of the slave may have been the result of fright, or want of presence of mind, occasioned by circumstances of excitement, confusion, and danger brought about by the negligent acts of the defendants should not be imputed to him as a fault, nor could we regard it in any sense as misconduct if, under like circumstances, one should mistake the best means of safety, and lose his life in the effort to preserve it."

If the standard by which the conduct of the imperiled party is to be judged is to be that which a person of ordinary prudence might be expected to do under like circumstances, how can it be determined what a man of prudence would do under such conditions? A jury is presumed from their knowledge of men and their affairs in ordinary transactions to know what a man of ordinary prudence would do under a given state of facts; but when prudence itself is destroyed and judgment yields to sudden impulse, when there is neither time nor capacity to reflect, how can any one say what a man, prudent under ordinary circumstances, would do if he should be so situated? The rule is sound and just which holds the party guilty of negligence responsible for the result, if that negligence has caused another to be surrounded by such circumstances as to him appear to threaten the destruction of his life or serious injury to his person, whether that person be prudent or imprudent, if in an effort to save his life he makes a choice of means from which injury results, and notwithstanding it

may turn out that if he had done differently, or had done nothing, he would have escaped injury altogether.

Because of the error of the District Court in failing to submit to the jury the question of negligence on the part of David Neff, and in refusing to give the second charge requested by the defendants, the judgments of the District Court and Court of Civil Appeals are reversed, and this cause is remanded to the District Court of Bexar County for further proceedings herein in accordance with this opinion.

*Reversed and remanded.*

Delivered November 19, 1894.