TEXAS & PACIFIC RAILWAY COMPANY V. KATE WATKINS.

No. 204.

1. **Parties.**

A widow, joined with her children, sued for damages for personal injuries suffered by her before her husband's death. It not appearing that injury resulted to defendant from the fact that the children were joined as plaintiffs, the court will not determine whether they were proper parties. The joinder is no ground for reversal...... .............................. 23

2. **Duty of Railway Employes to Keep Outlook—Trespassers.**

The doctrine held by some courts, that a railway owes no duty to a trespasser wrongfully on its track, has never been adopted in this State, but has been expressly repudiated................................................. 24

3. **Same.**

It is the duty of the servants of the railway company operating its trains to use reasonable care to discover persons on its track, and a failure to use such care is negligence on the part of such company, for which it is liable in damages for an injury resulting therefrom, unless defeated by evidence of contributory negligence by the person injured........................ 24

4. **Same—Case in Judgment.**

The plaintiff was injured while walking upon the line of defendant between its tracks at a place much used by the public as a passway. A failure to use ordinary care at such place to avoid inflicting injury would be negligence. A greater diligence and watchfulness was required to prevent injury to persons walking, where there was such constant presence of pedestrians, than on a portion of the track where persons were less likely to be. 25

5. **Ordinary Care May Require a Varying Diligence.**

While the degree of care imposed upon both the plaintiff (if a licensee) and the road was that of ordinary care, yet to constitute *this degree* of care, the exercise of more vigilance was required at a public place than would have been required of either at any place where there was less probability of collision ........................................................... 25

6. **Rashness Induced by Fright.**

Where one by his own wrongful act has so terrorized another that such other is thereby impelled to do an act resulting in his injury, the wrongdoer can not shield himself from liability by showing that the person so terrorized did not act as a reasonably prudent person would have acted under similar circumstances. Applied where plaintiff was walking between two railway tracks at a much frequented place, and was frightened by a train passing her without signalling its approach; in her fright she jumped against the passing train and was injured ........................................ 26

ERROR to Court of Civil Appeals for Second District, in an appeal from Tarrant County.

The opinion gives a full statement.

*George Thompson*, for plaintiff in error.—At the time of the accident Mrs. Watkins was walking on the private right of way of the company, and between two of its tracks. She was en route to the depot, and had left the street several hundred feet north of her, and went this route as a matter of convenience to her. It appeared that persons frequently used this as a way, and were in the habit of walk-

ing between the tracks, but no permission or consent from the company had ever been granted to individuals or the public to so use the premises. Under this state of facts we assert the following to be correct propositions of law:

1. The mere fact that individuals or the public generally travel along the private right of way of a railway company, and that no measures have been taken to prevent it, does not create a license to such person, and they travel on such way on their own risk and peril, and the railway company owes them no duty of a lookout.

2. If for any reason such persons are to be considered licensees, yet they must be held to have accepted such license with all risks and perils attached; and they can not require the company to use extra care and caution for their safety, but they must accept the license as found and assume all risks incident to the use thereof.

If either of these propositions be correct, the trial court erred in refusing the special charge requested, and also in its definition to the jury as to the relation between plaintiff and defendant as set forth in this application for writ of error.

It would also follow that this cause should be reversed, for the reason that the railway company, not owing Mrs. Watkins any duty of lookout, was guilty of no negligence; it not being claimed that she was seen, or her danger discovered, before the accident occurred. Railway v. Brinson, 19 Am. and Eng. Ry. Cases, 4; Railway v. Godfrey, 71 Ill., 500; Sutton v. Railway, 66 N. Y., 248; Railway v. Norton, 24 Pa. St., 465; Mulherrin v. Railway, 81 Pa. St., 366; Glass v. Railway, 10 South. Rep. (Ala.), 215; Beach on Con. Neg., 2 ed., sec. 212.

*Ben M. Terrell* and *R. L. Carlock*, for defendant in error.—1. While the plaintiff could in her right as community survivor have maintained this suit without the necessity of joining her children, still, the joinder of said children did not prejudice any right of the defendant. As heirs of the community estate they had an undivided one-half interest in the ultimate recovery under the facts alleged, and were therefore proper though not strictly necessary parties. Walker v. Abercrombie, 61 Texas, 69; Sanger Bros. v. Heirs of Moody, 60 Texas, 96; Railway v. Knapp, 51 Texas, 600; Ezell v. Dodson, 60 Texas, 332; Street Railway v. Helm, 64 Texas, 149.

2. Where the public, for a series of years, have been in the habit of using a railroad track as a footway for pedestrians, without protest or objection from the railway company, the acquiescence by the railway of such public use amounts to a license or permission to all persons to make use of its tracks for such purpose, and when operating its trains and engines along such portion of its track, is required to exercise reasonable care to avoid injuring people on said tracks. Plaintiff, under the facts of this case, was not a trespasser, but a licensee, to whom the defendant owed the duty of exercising reasonable care to avoid injuring, and the charge of the court defining the relative duties

of the plaintiff and defendant was a clear, correct, and admirable statement of the law applicable to the case. Railway v. Crosnoe, 72 Texas, 79; Railway v. Boozer, 70 Texas, 536; Davis v. Railway, 58 Wis., 646; 15 Am. and Eng. Ry. Cases, 424; Murphy v. Railway, 38 Iowa, 539; Townley v. Railway, 53 Wis., 626; Byrne v. Railway, 58 Am. Rep., 512; Railway v. Hewett, 67 Texas, 479; Barry v. Railway, 92 N. Y., 289; Kay v. Railway, 65 Pa. St., 269; 3 Am. Rep., 628; 3 Laws. Rights and Rem., sec. 1194; Railway v. Meigs, 74 Ga., 857; 1 Rorer on Rys., 476; 34 Am. and Eng. Ry. Cases, 14; Bennett v. Railway, 102 U. S., 577; Campbell v. Boyd, 43 Am. Rep., 740.

3. If the plaintiff was placed in a position of apparent danger by reason of the negligent acts of defendant in coming suddenly upon her with its engine without ringing the bell or blowing the whistle, or otherwise giving warning of its approach, and under the excitement and fears thus occasioned she placed herself in a position of real danger and was injured, and if the act done was one which ordinarily prudent persons under the same circumstances would have been likely to do, the plaintiff can recover, notwithstanding the injury would not have happened if the act had not been done. 2 Thomp. on Neg., 1174; Freer v. Cameron, 55 Am. Dec., 674, and note; Wesley City Coal Co. v. Healer, 84 Ill., 126; Coulter v. Express Co., 56 N. Y., 589; Railway v. Car, Admr., 35 Ind., 513; Wilson v. Railway, 26 Minn., 285; Mark v. Railway (Minn.), 12 Am. and Eng. Ry. Cases, 86; Townly v. Railway, 69 N. Y., 158; 25 Am. Rep., 162; Lawrence v. Green, 70 Cal., 417; Buel v. Railway, 31 N. Y., 314; Moore v. Railway, 47 Iowa, 688.

4. The following authorities outside of Texas, additional to those cited in brief, are referred to in support of the rule of the New York and Wisconsin cases, upon the doctrine of which cases the charge of the trial court herein was predicated, viz: Harriman v. Railway (Ohio), 12 N. E. Rep., 458, 459; Railway v. White's Admr. (Va.), 5 S. E. Rep., 574; Railway v. Carper (Va.), 14 S. E. Rep., 328; Le May v. Railway (Mo.), 16 S. W. Rep., 1049; Lynch v. Railway (Mo.), 19 S. W. Rep., 1114; Railway v. Dick (Ky.), 15 S. W. Rep., 665; Campbell v. Boyd, 88 N. C., 129.

In Texas, perhaps the precise question has not been definitely decided, but cases of an analogous character have been passed upon involving to an extent the consideration of the same question, and from those decisions it may be safely asserted that the trend of the adjudicated cases here is in harmony with the New York and Wisconsin cases. The following cases are in point: Railway v. Crosnoe, 72 Texas, 79; Railway v. Boozer, 70 Texas, 536; Railway v. Hewitt, 67 Texas, 479; Railway v. Brown, 18 S. W. Rep., 670; Railway v. Ryon, 70 Texas, 59; Railway v. Walker, 70 Texas, 131; Lewis v. Railway, 73 Texas, 507.

DENMAN, ASSOCIATE JUSTICE.—In September, 1889, the roadbed of plaintiff in error in the city of Fort Worth, Texas, from the Union

Depot north to Seventeenth street, was constructed across a plot of ground not a public square or street, upon an elevation consisting in part of embankments and in part of a bridge and trestlework over a ravine. Said roadbed appears to have been wide enough for three tracks running practically parallel with each other, with the usual space between. On each side of the bridge was a plank walk, with hand rails, for the use of pedestrians crossing same. Said roadbed on said date, and for a number of years prior thereto, was in almost constant use by pedestrians as a footpath in going to and from said depot. About 10 o'clock p. m., September 20, 1889, defendant in error, Mrs. Kate Watkins, with two companions and her little child, which she carried in her arms, was walking south between two of said tracks on said roadbed, going to said depot to take passage on one of the trains of plaintiff in error, then about due, when a switch engine approached from behind on one of said tracks at the rate of from two to six miles per hour, without ringing the bell or blowing the whistle, or giving any other warning of its approach. When the engine was within a few feet of defendant in error a rumbling noise caused her to turn and look back, whereupon she was so startled and frightened by the close proximity of the engine that she jumped against it, and was knocked down and received the injuries complained of herein. The distance between the tracks at the place of the accident was about eight feet, and defendant in error would not have been struck had she remained where she was before she jumped. It appears that the engineer did not see defendant in error, and was not aware of her presence until he heard her scream when injured.

At the time of the injury defendant in error was a married woman, but her husband died before the institution of this suit, leaving surviving him defendant in error and their two children as his only heirs, whereupon she brought this suit, on behalf of herself and said children, to recover damages resulting from such injuries, and also for expenses incurred in her sickness resulting therefrom. It was shown on the trial that there was no administration and no necessity for administration on the estate of the deceased husband.

Defendant in error recovered judgment in the court below, which was affirmed by the Court of Civil Appeals, and the cause is now before this court on writ of error.

It is not made to appear that any injury resulted to plaintiff in error from the fact that said children were joined in the suit as coplaintiffs, and therefore it is unnecessary for us to determine whether the court below erred in holding them proper parties plaintiffs. Street Railway v. Helm, 64 Texas, 147; Lee v. Turner, 71 Texas, 264.

The Court of Civil Appeals found, as a matter of fact, that plaintiff in error was guilty of negligence in running the engine so close to defendant in error without giving any notice of its approach. Plaintiff in error complains that this finding was an error of law, for the reason that defendant in error was either a trespasser or a mere licensee, and

plaintiff in error owed her no duty to keep a lookout to discover her or give her any notice of the approach of the engine.

It is often said that a railroad owes no duty to a trespasser or one wrongfully on its track, except to refrain from wanton injury to him. This doctrine has never been adopted in this State, but has been expressly repudiated. In the case of Railway v. Sympkins, 54 Texas, 618, the court say: "We do not assent to the proposition that a railroad company may not become liable to one who is run over and injured by reason of the want of watchfulness of its servants, although such person may have been originally a trespasser on the track. If a party be wrongfully on the track under such circumstances, or, being there, acts in such a way as to be himself a proximate cause of his own injury, he will be precluded from recovery on grounds of public policy, as being himself guilty of contributory negligence. Although the company's agents may have failed in proper watchfulness, the injured person is regarded as being himself too directly a cause of the injury to be allowed to complain. * * * We prefer that line of decisions holding railroads bound to exercise their dangerous business with due care to avoid injury to others, as correct in principle and sound in policy, and as protecting even a trespasser who is not guilty of contributory negligence."

In the case of Railway v. Hewett, 67 Texas, 479, the court (Stayton, J.) say: "Ordinarily railway companies, running cars propelled by steam, have the exclusive right to the use of their tracks, except at such places as they are intersected by public crossings or such private ways as they may permit, and they may therefore expect that no one will violate this right, and may rely upon a clear track; but it is very generally held, that, notwithstanding this, such is the hazardous nature of the business in which they are engaged, it is the duty of such carriers, not only for the safety of their passengers, but for the safety of any one who may be on the track, to keep a lookout." Artusy v. Railway, 73 Texas, 193, and cases therein cited.

The true rule is, that it is the duty of the servants of the railroad company operating its trains to use reasonable care and caution to discover persons on its track, and a failure to use such care and caution is negligence on the part of such company; for which it is liable in damages for an injury resulting from such negligence, unless such liability is defeated by the contributory negligence of the person injured, or of the person seeking to recover for such injury, and the circumstances under which the party injured went upon the track are merely evidence upon the issue of contributory negligence. If such circumstances show that the party injured was a wrongdoer or trespasser at the time of the injury, the issue of contributory negligence is, as a general rule, established as a matter of law; but not so in all cases.

It results from the above, that it was the duty of the railroad to use ordinary or reasonable care to discover and warn defendant in error,

whether she be considered a trespasser or a mere licensee, and a failure to use such care was negligence, rendering the railroad liable for such damages as resulted therefrom, unless under all the circumstances defendant in error was guilty of negligence contributing proximately to her injury.   In the recent case of Railway v. Smith, 87 Texas, 348, this court discussed the question of ordinary or reasonable care, showing that it was such care as an ordinarily or reasonably prudent person would have exercised under like circumstances, and that to constitute such degree of care, the quantum of diligence would vary with circumstances.    Tested by this rule, in order to exercise ordinary care, it was necessary for the person operating the engine which collided with Mrs. Watkins to exercise much more diligence and watchfulness to avoid injury to persons walking on the roadbed in question, which was in such constant use by pedestrians, than he would have been required to exercise on a portion of the track where persons were less likely to be.    Whether it was negligence to run the engine up so near behind a woman with a child in her arms in the night-time without any warning of its approach, and take the chances of her coolly walking along where she was, in safety, or of her, under the excitement of the moment, jumping in front of or against the engine, was a question of fact for the jury and Court of Civil Appeals.   The jury, upon proper instruction by the trial court, and the Court of Civil Appeals have both solved this question against plaintiff in error, and it must be held responsible for the damages resulting from such negligence, unless Mrs. Watkins was guilty of contributory negligence.

The court below charged the jury, in effect, "that if a portion of the roadbed had been commonly and habitually for a long time used by the public as a footway, with the knowledge, acquiescence, and permission of the company, the company is considered as licensing the public to use such portion of the roadbed for such purpose;" and "that if no such license existed, plaintiff (Mrs. Watkins) could not recover."

We do not see that plaintiff in error can complain of said charge. The jury and Court of Civil Appeals have both found as a question of fact that Mrs. Watkins was not guilty of contributory negligence. Under the charge, this finding must have been based upon two propositions: (1) that she was a licensee, and therefore not unlawfully on the roadbed; (2) that she was not to be held responsible for the act of jumping against the engine, under the circumstances.

In regard to the first proposition, we are of opinion that, if a licensee, she was rightfully walking between the tracks, and both she and the railroad were under obligation to use ordinary or reasonable care to avoid injury, but neither was bound to use any higher *degree* of care. To constitute this *degree* of care, however, required the exercise of more vigilance than would have been required of either where there was less probability of injury.   This view of the law was recognized both in the charge of the trial court and in the opinion of the Court of Civil Appeals.

In regard to the second proposition, the court charged the jury, that although they believed Mrs. Watkins was a licensee,. and that the person in charge of the engine failed to use ordinary care in approaching Mrs. Watkins without giving notice, "still, if you believe from the evidence that she acted in a way that a person of ordinary prudence would not have acted when she became aware of the approach of the engine, and that but for such conduct she would not have been hurt, you will find 'for defendant.''

This charge was favorable to defendant, and should have been qualified by the proposition, that if the engineer was guilty of negligence in running the engine up behind Mrs. Watkins without warning, and if she was not under all the circumstances guilty of contributory negligence in walking where she was, and if she was impelled by sudden terror, brought about by such negligence of the engineer, to jump against the engine, then the railroad would be liable, although she did not act as a reasonably prudent person would have acted under similar circumstances. Where one by his own wrongful act has so terrorized another that such other is thereby impelled to do an act resulting in his injury, the wrongdoer can not shield himself from liability by showing that the person so terrorized did not act as a reasonably prudent person would have acted under similar circumstances. Railway v. Neff, 87 Texas, 303.

The principles above stated dispose of the errors assigned adversely to plaintiff in error, and the judgment is affirmed.

*Affirmed.*

Delivered January 21, 1895.