# MARCH, 1938

FORT WORTH & D. C. RY. CO. v. J. J. KIMBROW ET AL.

No. 7015. Decided February 2, 1938.
Rehearing overruled March 9, 1938.
(112 S. W., 2d Series, 712.)

*A. S. Moss,* of Memphis, *Thompson & Barwise,* of Fort Worth, and *Morgan, Culton, Morgan & Britian,* of Amarillo, for plaintiff in error.

It was error for the court to hold that, in the absence of a statement of facts or findings by the jury, it must be presumed that the testimony showed that at the time the conductor did the acts complained of he was not acting within the scope of his authority, and his employer was not liable for his negligence or wilful conduct. The court also erred in holding that after the jury has returned its findings on certain issues, the trial court cannot render a judgment for one of the parties on the ground that the defendant was entitled to a judgment by reason of undisputed facts relative to unsubmitted issues, unless the party for whom the judgment is rendered asks for a peremptory instruction, or objects to submission of any issue because of insufficient evidence, or files a motion for judgment non obstante veredicto because of lack of evidence. Grahn v. International & G. N. R. R. Co., 93 S. W. 104; Magnolia Pet. Co. v. Winkler, 40 S. W. (2d) 831; Beckner v. Barrett, 81 S. W. (2d) 719.

*Allen C. Grundy,* of Memphis, and *Grindstaff, Zellers & Hutcheson,* of Weatherford, for defendants in error.

Under the facts of the case it was error for the trial court to disregard said verdict and render a judgment for the defendant. Panhandle & S. F. Ry. Co. v. Daldorf, 266 S. W. 208; Texas & Pac. Ry. Co. v. Mother, 24 S. W. 79; Texas & N. O. Ry. Co. v. Buch, 101 Texas 200, 105 S. W. 987.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is an action by J. J. Kimbrow, in his own behalf and in behalf of his minor son, Alton Kimbrow, to recover damages of the Fort Worth and Denver City Railway Company for a personal injury suffered by Alton Kimbrow in alighting from a freight train, upon which he was stealing a ride. The record contains no statement of facts. The averments of the plaintiff's petition show that Alton Kimbrow, at the time he suffered said injury, lacked about two months of being 19 years of

age. The sufficiency of the petition to present all the fact questions and issues discussed in this opinion is not questioned. The case was tried before a jury on special issues, resulting in a judgment in favor of the railway company. The controversy here relates to the authority of the trial court to render judgment for the railway company in view of the fact findings of the jury in answer to certain special issues submitted to the jury for determination. Those special issues, together with the answers thereto by the jury, are as follows:

"Special Issue No. 3.

"Do you find from a preponderance of the evidence that while the defendant's freight train was at or near Lelia Lake at the time in question that the said conductor ever ordered the plaintiff Alton Kimbrow to get off of the oil car in said train? Answer yes or no. Answer: Yes.

\* \* \*

"Special Issue No. 4.

"Do you find from a preponderance of the evidence that at the time the conductor ordered the plaintiff Alton Kimbrow to get off of said train, the conductor accompanied such order to get off with any threat of personal violence to the said Alton Kimbrow? Answer yes or no. Answer: Yes.

"Special Issue No. 5.

"Do you find from a preponderance of the evidence that such threat of personal violence, if any, made to the plaintiff Alton Kimbrow, so terrified the said Alton Kimbrow as to cause him to lose his presence of mind and self-control to such an extent as to lead him to believe that he could only save himself from bodily hurt or injury by jumping or alighting from the said train? Answer yes or no. Answer: Yes.

"Special Issue No. 6.

"Do you find from a preponderance of the evidence that the threat of personal violence, if any, made by the conductor to the said Alton Kimbrow at the time and place of the alleged injury was the proximate cause, as the term proximate cause is hereinbefore defined in paragraph 6 of this charge, of the injury sustained by said Alton Kimbrow? Answer yes or no. Answer: Yes.

"Special Issue No. 7.

"Do you find from a preponderance of the evidence that after the conductor of the defendant's train had ordered the plaintiff Alton Kimbrow to get off of the oil car if he did, that the said plaintiff Alton Kimbrow used ordinary care, as

that term is defined in paragraph 5 of this charge, in alighting from said train? Answer yes or no. Answer: No.

"Special Issue No. 8.

"Do you find from a preponderance of the evidence that the failure on the part of Alton Kimbrow to use ordinary care in getting off of the oil car, if he did, was a proximate cause of the injury? Answer yes or no. Answer: Yes.

"Special Issue No. 9.

"What do you find from a preponderance of the evidence was the speed per hour that the freight train was travelling at the time the plaintiff Alton Kimbrow attempted to alight from the defendant's train, if he did? Answer giving the miles per hour. Answer: 7 or 8.

"Special Issue No. 10.

"Do you find from a preponderance of the evidence that when plaintiff Alton Kimbrow got off of the oil car, if he did, the conductor by words and threats of personal violence ordered the plaintiff Alton Kimbrow to leave the oil car, if he did, such action on the part of the conductor was negligence as the term negligence is defined in paragraph 4 of this charge? Answer yes or no. Answer: Yes.

\* \* \*

"Special Issue No. 11.

"Do you find from a preponderance of the evidence that such negligence, if any, on the part of the defendant's conductor was the proximate cause of the injury sustained by the plaintiff, as the term proximate cause is hereinbefore defined in paragraph 6 of this charge? Answer yes or no. Answer: Yes."

The jury awarded $1,200.00 as damages to the son and $500.00 to the father. No additional special issues were requested by either party and no objection was made to the form of any that were given.

Both parties filed motions for judgment on said findings. The Court granted the motion of the railway company, and rendered judgment in its favor. The company did not file a motion to enter judgment non obstante veredicto. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for Kimbrow. 86 S. W. (2d) 78.

The vital question to be decided is whether or not the judgment rendered for the railway company is justified by the answers of the jury to Special Issues 7 and 8. In conference

with the Supreme Court we are instructed to say that they are of the opinion that the said answers of the jury cannot defeat a recovery by the Kimbrows, for the following reasons:

In the preliminary part of the charge the court defined negligence in the ordinary way, and in such definition used the term "ordinary care." The court then defined "ordinary care" as "such care and prudence as an ordinarily careful and prudent person would have used under the same or similar circumstances." By its answer to Special Issue No. 7 the jury found that Alton E. Kimbrow did not use ordinary care in alighting from the train, and by its answer to Special Issue No. 8 that the failure of Alton E. Kimbrow in using ordinary care in getting off the train was the proximate cause of his injuries. The answer to Special Issues Nos. 7 and 8 could not defeat the right of the Kimbrows to a judgment based on an answer to Special Issue No. 5, because the law, as announced by the opinion in Texas & P. Ry. Co. v. Mother, 5 Texas Civ. App. 87, 24 S. W. 79 (writ refused), cited by the Court of Civil Appeals in the instant case, does not recognize the failure of the injured party to use ordinary care as a defense in a case like this; that is, in a case where by reason of the threat of personal violence he was so terrified as to lose his presence of mind and self-control to such an extent as to lead him to believe that he could only save himself from bodily hurt by doing the thing he did. In other words, a person who has been threatened with bodily harm in such a manner as to cause him to lose his presence of mind and ability to control himself is not expected or called on to act as an ordinarily careful and prudent person; to the contrary, the very opposite may be expected of him.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court February 2, 1938.

Rehearing overruled March 9, 1938.