Pedro **DEL BOSQUE**, Petitioner,

v.

**HEITMANN BERING–CORTES COMPANY**, Respondent.

No. B–2862.

Supreme Court of Texas.

Dec. 15, 1971.

Tabor & Ray, M. Jack Tabor, James T. Russell, Houston, for petitioner.

Baker & Botts, James R. Coffee, Houston, for respondent.

CALVERT, Chief Justice.

Pedro Del Bosque sued Heitmann Bering-Cortes Company for damages for personal injuries sustained by the plaintiff while attempting to operate an elevator in a building owned by defendant. The case was tried to a jury. On the basis of the jury's answers to certain special issues, the trial court rendered judgment that the plaintiff take nothing. The court of civil appeals reversed the trial court's judgment and remanded the cause for a new trial. 468 S.W.2d 522. Defendant does not complain of the court of civil appeals' judgment; plaintiff does. We affirm.

Plaintiff was an employee of a tenant in the building. He and a fellow employee, one Sylvester, entered the elevator and rode to the second floor. The elevator was activated by tiller ropes and Sylvester acted as operator. When they reached the second floor, Sylvester lifted the gate and stepped out. The elevator stopped when the gate was lifted, but it was not level with the floor. Sylvester asked appellant to make it level. Appellant had never operated the elevator, but he had seen it done. He knew that it could be stopped by lifting the gate. He had seen other employees start it up and down by pulling on the ropes.

Plaintiff testified that when he pulled on the rope he expected the elevator to go up. Instead, it went down. He thought he was falling and he was scared. He caught hold of the second-floor gate and held on while the elevator proceeded to the first floor.

He had previously lost some of his fingers on one hand and was unable to hold on until Sylvester could help him. His fall resulted in severe injuries.

The relevant jury findings may be summarized as follows: (3) The defendant was negligent in failing to have the tiller ropes properly marked, (4) which negligence was a proximate cause of the occurence; (7) the plaintiff was negligent in holding onto the elevator gate at the time and on the occasion in question, and (8) his negligence was a proximate cause of his fall; (13) the plaintiff was confronted with an emergency on the occasion, and (14) after the emergency arose he acted as a person of ordinary prudence would have acted; (15) the emergency was not the sole proximate cause of the occurrence. The jury was instructed that "emergency" meant "a condition which arises suddenly and unexpectedly, requiring immediate action without time for deliberation and not proximately caused by the negligence of the said Pedro Del Bosque."

We have found in the record no indication of the theory made the basis of the trial court's "take nothing" judgment. The court of civil appeals' judgment of reversal and remand was predicated upon its conclusion that the jury's verdict contained an irreconcilable and fatal conflict. Said by the court to be in conflict are the findings that (7) the plaintiff was negligent in holding onto the elevator gate, and (14) after the emergency arose, the plaintiff acted as a person of ordinary prudence would have acted. Plaintiff insists that the two jury findings are not fatally conflicting, and that he is entitled to have the judgments of both courts below reversed and judgment rendered in his favor for the amount of his damages. The issue thus drawn is whether the indicated jury findings are in irreconcilable and fatal conflict. We agree with the court of civil appeals' conclusion that they are.

The jury findings, put in context with the facts recited in the forepart of this opinion, establish that the emergency with which plaintiff was confronted was the sudden and unexpected descent of the elevator when he expected it to ascend. It was after this emergency arose that plaintiff grabbed and held onto the gate while the elevator descended to the first floor. If we give effect to the jury's answer to issue no. 7 and disregard the answer to issue no. 14, a judgment for defendant is required; but if we give effect to the answer to issue no. 14 and disregard the answer to issue no. 7, a judgment for plaintiff is required. These results of application of the proper legal test in the posture of this case establish that the two answers are in fatal conflict. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949); Cf. Bradford v. Arhelger, 161 Tex. 427, 340 S.W.2d 772 (1960).

Plaintiff argues that the finding that he was negligent in holding onto the elevator gate is rebutted, and in effect destroyed, by the further findings that he was confronted by an emergency and thereafter acted as a person of ordinary prudence would have acted. His argument is predicated upon judicial declarations, such as appear in our opinion in Yarborough v. Berner, 467 S.W.2d 188 (Tex.Sup. 1971), concerning the purpose of the sudden emergency doctrine. Concerning its purpose, we said: "Its purpose is to excuse conduct which otherwise would be negligence" (p. 191); "The doctrine . . . may be invoked to relieve a party of the consequences of his conduct which otherwise would be held negligent" (p. 192); ". . . it is invoked to lower the legal standard of care which a party must exercise to the point where conduct which otherwise might be regarded as negligent or contributorily negligent is not so regarded" (p. 192). The last two of the three expressions were quoted from Goolsbee v. Texas & N. O. R. Co., 150 Tex. 528, 243

S.W.2d 386 (1951). Such expressions are not intended to mean, and do not mean, that a person will be relieved of the legal consequences of unreasonable and imprudent conduct when confronted with a sudden emergency; they mean only that the fact finder, judge or jury as the case may be, may conclude that conduct which in other circumstances would be unreasonable or imprudent is not so in emergency situations. In this respect the doctrine of "sudden emergency" would seem to differ from the doctrine of "imminent peril." A person is not legally accountable for imprudent conduct resulting in injury to himself when such conduct results from a state of terror reasonably springing from an imminent peril created by the negligent conduct of the defendant. See International & G. N. Ry. Co. v. Neff, 87 Tex. 303, 28 S.W. 283 (1894); Texas & P. Ry. Co. v. Watkins, 88 Tex. 20, 29 S.W. 232 (1895); Jackson v. Galveston, H. & S. A. Ry. Co., 90 Tex. 372, 38 S.W. 745 (1897); Missouri, K. & T. Ry. Co. of Texas v. Rogers, 91 Tex. 52, 40 S.W. 956 (1897); Beck v. Browning, 129 Tex. 7, 101 S.W.2d 545 (1937); Fort Worth & D. C. Ry. Co. v. Kimbrow, 131 Tex. 117, 112 S.W.2d 712 (1938); Thode, Imminent Peril and Emergency in Texas, 40 Tex.L.Rev. 441 (1962). Our opinion in Goolsbee v. Texas & N. O. R. Co., 150 Tex. 528, 243 S.W.2d 386 (1951) appears to have intermingled the two doctrines in some respects, and the intermingling was carried forward by quotation in Yarborough v. Berner, 467 S.W.2d 188 (Tex.Sup.1971). However, these cases do not negate the rule stated above.

The frustration of conflicting jury answers should not reoccur upon retrial of the case if the question of sudden emergency is submitted to the jury as an explanatory instruction in keeping with our suggestion in Yarborough v. Berner, 467 S.W.2d 188 (1971).

The judgment of the court of civil appeals is affirmed.