Clayton SANDERS and Forshage
Trucking Company, Appellants,

v.

Pedro DAVILA et al., Appellees.

No. 8718.

Court of Civil Appeals of Texas,
Amarillo.

Feb. 22, 1977.

Rehearing Denied April 29, 1977.

Clifford, Sims & Kidd, Wm. A. Clifford
and Richard Hubbert, Lubbock, for appel-
lants.

Edwards & Associates, James R. Edwards, Garner, Vickers, Purdom & Nelson, John E. Vickers, Lubbock, for appellees.

REYNOLDS, Justice.

In this action arising from the collision of vehicles, it is questioned whether a defendant is entitled to invoke the doctrine of imminent peril. We hold that he is not and that the imminent peril instruction given in this cause on behalf of a defendant was harmful. Reversed and remanded.

An abbreviated statement suffices. While proceeding south on U.S. Highway 87 a few miles north of Lubbock, Texas, Clayton Sanders allegedly lost control of a Forshage Trucking Company truck tractor and trailer he was operating. To avoid a collision with Sanders' vehicle, Terry David McAfee, who was following Sanders in the southbound lane and driving a truck owned by his employer, Leaseway-Southwest, Inc., steered his vehicle to the left of Sanders. McAfee's vehicle veered across the median and into the right-hand lane of northbound traffic where his vehicle collided head-on with a northbound truck driven by Pedro Davila and in which his wife, Lena Davila, was a passenger. As plaintiffs, Pedro and Lena Davila brought this suit to recover from defendants Terry David McAfee, Leaseway-Southwest, Inc., Clayton Sanders and Forshage Trucking Company, their monetary damages for both personal injuries and property damage sustained in the collision.

In the jury charge, after the usual definitions and instructions on unavoidable accident and on sudden emergency as it applied to defendants Clayton Sanders and Terry David McAfee and immediately before the special issues, the court gave, on behalf of defendant McAfee and over the objections of defendants Sanders and Forshage Trucking Company, this instruction:

A person is in a position of imminent peril when it reasonably appears to such person that he has been put in a position of danger, by the acts of another party, which calls for immediate action by such person without time for deliberation, and

such appearance of danger caused such person to be so frightened as to be unable to use ordinary care for his own safety, and such appearance of danger was not proximately caused by any negligence on the part of such person. If you find that Terry David McAfee was in such a position, then all of your answers to the negligence issues inquired about concerning his conduct in this Charge should be answered in the negative.

If the negligent conduct of Terry David McAfee, if any, concurred in bringing about the position of peril, then he cannot avail himself of the Imminent Peril Doctrine.

The special issues submitted did not embrace the elements of imminent peril.

By its answers to the special issues, the jury: failed to find that Pedro Davila was negligent in the three matters inquired about; found that Lena Davila was negligent in one respect, but failed to find the negligence was a proximate cause of the occurrence; failed to find that defendant McAfee was negligent in any of his acts or omissions inquired about; found that three of the four acts or omissions of which defendant Sanders was accused were negligence proximately causing the occurrence; and found that Alex Forshage negligently entrusted the vehicle to Sanders, a known reckless and incompetent driver, which was a proximate cause of the occurrence. The jury found the percentage of negligence that caused the occurrence attributable to each actor as follows:

| | |
|---|---|
| Terry David McAfee | 10% |
| Clayton Sanders | 50% |
| Pedro Davila | 0% |
| Alex Forshage | 40% |
| Lena Davila | 0% |

The jury determined that the aggregate amount of the Davila's damages for personal injuries and property damage was $81,645.24.

Disregarding the finding that ten per cent (10%) of the negligence causing the occurrence was attributable to defendant McAfee, the trial court rendered judgment, decreeing that Pedro Davila and Lena Davi-

la recover their total damages of $81,645.24 from Clayton Sanders and Forshage Trucking Company jointly and severally. Defendants Sanders and Forshage Trucking Company have appealed. Defendants McAfee and Leaseway-Southwest, Inc., have joined the plaintiffs, Pedro Davila and Lena Davila, as appellees.

In the fourteenth of their sixteen points of error, Sanders and Forshage Trucking Company present the contention that the giving of the imminent peril instruction on behalf of defendant McAfee was reversible error. We agree.

The doctrine of imminent peril had its inception in Texas when the Supreme Court announced in *International & G. N. R. Co. v. Neff*, 87 Tex. 303, 28 S.W. 283 (1894), that if a non-negligent plaintiff is placed in what appears to him to be a perilous position by the negligence of a defendant, the plaintiff's subsequent acts to extricate himself, whether prudent or imprudent, will not bar his recovery. At that time, a plaintiff's contributory negligence, unless excused under some doctrine such as "discovered peril," barred any recovery. The thrust of the *Neff* decision was not to excuse contributory negligence, but to deny that there was any negligence on the part of a plaintiff in attempting to escape the imminent peril created by a defendant's negligent conduct. Consequently, and as Professor Thode emphasizes, the doctrine of imminent peril is available only to one in the legal position of a plaintiff. Thode, *Imminent Peril and Emergency in Texas*, 40 Tex.L.Rev. 441, 445–46, 453 (1962). Although the Supreme Court established the doctrine to deny to a defendant the protection of a plaintiff's contributory negligence occasioned by the defendant's negligent conduct, it has not abrogated the doctrine, so far as we have determined, even though Texas has adopted a modified standard of comparative negligence. See Vernon's Ann.Civ.St. art. 2212(a) (Supp.1977).

In tracing the historical development of the doctrine of imminent peril, Professor Thode illustrates that it, although available only to one in the legal position of a plaintiff, often has been confused with the related, but clearly distinct, doctrine of sudden emergency, which is available to any party in determining whether he acted as a reasonable person in an emergency not created by his own negligence. 40 Tex.L. Rev. 451, *et seq. Accord, Del Bosque v. Heitman Bering-Cortes Company*, 474 S.W.2d 450, 453 (Tex.1971), where former Chief Justice Calvert, after quoting passages intermingling the doctrines of sudden emergency and imminent peril, wrote:

. . . Such expressions are not intended to mean, and do not mean, that a person will be relieved of the legal consequences of unreasonable and imprudent conduct when confronted with a sudden emergency; they mean only that the fact finder, judge or jury as the case may be, may conclude that conduct which in other circumstances would be unreasonable or imprudent is not so in emergency situations. In this respect the doctrine of "sudden emergency" would seem to differ from the doctrine of "imminent peril." A person is not legally accountable for imprudent conduct resulting in injury to himself when such conduct results from a state of terror reasonably springing from an imminent peril created by the negligent conduct of the defendant.

. . .

In his 1962 article, Professor Thode demonstrated that the doctrine of sudden emergency does not involve an ultimate issue and suggested that it should be submitted as an instruction in lieu of the customary special issue. 40 Tex.L.Rev. 461, *et seq.* That suggestion attained fruition in 1971 when the Supreme Court decreed in *Yarborough v. Berner*, 467 S.W.2d 188 (Tex. 1971), that "sudden emergency" would be the subject of an instruction rather than a special issue. However, Professor Thode evinced that "imminent peril" is an ultimate issue because "it completely excuses the plaintiff's conduct while in a terrorized condition," and that the plaintiff, upon adducing proof on all the elements, is entitled to submission of special issues. 40 Tex.L. Rev. 469, *et seq.*

**712**

■ Here, defendants McAfee and Leaseway-Southwest, Inc., contend that McAfee's conduct leading to the collision was caused by the acts of defendant Sanders. There is no contention that the plaintiffs, either Pedro Davila or Lena Davila, did anything to contribute to the situation in which McAfee found himself. Therefore, under both the authorities and the facts, defendant McAfee was entitled to an instruction on sudden emergency, but he was not entitled to invoke, and there is no basis for the instruction allowing him to use, the doctrine of imminent peril to excuse his conduct. Thode, *Imminent Peril and Emergency in Texas*, 40 Tex.L.Rev. 441, 452 (1962); *Del Bosque v. Heitman Bering-Cortes Company, supra*, 474 S.W.2d at 453.

■ Not only was the giving of the instruction error, but the instruction itself was erroneous in one particular. In the final sentence of the first paragraph the jury, if it found defendant McAfee was in a position of imminent peril, was instructed that ". . . *all* of your answers to the negligence issues inquired about concerning his conduct in this charge should be answered in the negative." (Emphasis supplied.) By definition, the doctrine of imminent peril does not render both pre- and post-imminent peril conduct non-negligent; it only insulates plaintiff from negligent conduct in attempting to escape the peril created by the defendant's negligence.

Given the instruction, the jury failed to find that defendant McAfee was negligent in any of the respects inquired about, but did find that ten per cent (10%) of the negligence that caused the occurrence was attributable to McAfee. Notwithstanding that the jury's answers to specific liability issues of negligence and proximate cause may control over its general findings of negligence and causation within the apportionment issue submitted pursuant to the modified comparative negligence statute, V.A.C.S. art. 2212(a) (Supp. 1977)—see, e.g., *Ruiz v. Flexonics*, 517 S.W.2d 853 (Tex.Civ. App., Corpus Christi 1974, writ ref'd n.r.e.) —the negligence-causation apportionment finding lends credence to the conclusion

that there was harm in giving the erroneous instruction.

Accordingly and to the extent that the submission of the imminent peril instruction is challenged, the fourteenth point of error is sustained. The remainder of the points have been considered and, measuring the specific complaints against the trial posture of the case, we do not find other reversible error. We pretermit a discussion of those points because it is unlikely that they will recur in the same context in the event of further proceedings.

The judgment is reversed and the cause is remanded.

## ON MOTION FOR REHEARING

Contrary to the view of our opinion expressed by appellees in their motion for rehearing, we did not hold that the submission of imminent peril by instruction instead of by special issue was error. Our holding was, and is, that, because the doctrine of imminent peril is available only to one in the legal position of a plaintiff, the doctrine could not be invoked by defendant McAfee to excuse his conduct and, thus, it was error by the court to instruct that if the jury found that McAfee was in a position of imminent peril, then all answers to the negligence issues concerning his conduct should be in the negative.

The opinion is not to be taken as expressing how the doctrine of imminent peril should be submitted in a proper case. Our statement that in 1962 Professor Thode evinced that imminent peril is an ultimate issue concerning the conduct of a plaintiff who, upon proof of all the elements, is entitled to submission of special issues, was made within the framework of tracing the historical development of the doctrine. In this connection, perhaps we also should have noted, as we now note, that the revision of Rule 277, Texas Rules of Civil Procedure, effective 1 September 1973, affords the trial court wide discretion in submitting such special issues and instructions that shall be proper to enable the jury to render a verdict in a given case.

Raised for the first time in their motion for rehearing is appellees' contention that Sanders and Forshage procedurally waived in the trial court their fourteenth point of error which we sustained, and that, therefore, we should not have entertained it. The procedural facts upon which the point was based were clearly set forth in appellants' brief and, unless challenged by appellees, were authorized to be accepted as correct. Rule 419, T.R.C.P. Appellees did not challenge the vitality of the point on submission; rather, they joined issue on the merit of the point, which was fully briefed and orally argued on submission, without suggesting in any manner that it should not be considered. The point was presented as a viable one to be sustained or overruled.

■ It is only after we have found the point worthy that appellees first contend that we should not have entertained it. Under these circumstances, it is held that appellate adjudication of an appellant's point of error is justified and that an appellee's objection to its consideration comes too late for attention when made for the first time in appellee's motion for rehearing. *Southern Gas & Gasoline Engine Co. v. Adams & Peters*, 169 S.W. 1143, 1149–50 (Tex.Civ.App., San Antonio 1914, writ ref'd); *Texas Employers' Ins. Ass'n. v. Downing*, 218 S.W. 112, 122 (Tex.Civ.App., Amarillo 1920, writ ref'd); *Harris v. Cleveland*, 294 S.W.2d 235, 242–43 (Tex.Civ.App., 1956, writ dism'd); *W. T. Burton Company v. Keown Contracting Company*, 353 S.W.2d 909, 914 (Tex.Civ.App., Beaumont 1961, writ ref'd n.r.e.); *Thomas v. Morrison*, 537 S.W.2d 274, 279–81 (Tex.Civ.App., El Paso 1976, writ ref'd n.r.e.).

Appellees' motion for rehearing is overruled.