**Pedro DAVILA et ux., Terry McAfee et al., Petitioners,**

**v.**

**Clayton SANDERS et al., Respondents.**

**No. B–6804.**

Supreme Court of Texas.

Oct. 5, 1977.

Rehearing Denied Dec. 14, 1977.

Garner, Vickers & Purdon, John E. Vickers, Edwards & Associates, James R. Edwards, Lubbock, for petitioners.

Clifford, Sims & Kidd, William A. Clifford and Richard S. Hubbert, Lubbock, for respondents.

PER CURIAM.

The trial court's judgment in this personal injury suit absolved co-defendant Terry McAfee of liability. The Court of Civil Appeals reversed the judgment and remanded the case for new trial because of error in instructing the jury on imminent peril. 550 S.W.2d 709. We agree that the instruction should not have been given; but we add that with comparative negligence the controlling determination, use of the doctrine or rule of imminent peril is no longer justified in any case.

Co-defendant Clayton Sanders lost control of his southbound truck. McAfee, driving his truck behind Sanders' truck, attempted to avoid Sanders but crossed the mid-line of the highway and collided with northbound plaintiffs Davila. The trial court instructed the jury on sudden emergency and also gave the following imminent peril instruction:

> A person is in a position of imminent peril when it reasonably appears to such person that he has been put in a position of danger, by the acts of another party, which calls for immediate action by such person without time for deliberation, and such appearance of danger caused such person to be so frightened as to be unable to use ordinary care for his own safety, and such appearance of danger was not proximately caused by any negligence on the part of such person. If you find that Terry David McAfee was in such a position, then all of your answers to the negligence issues inquired about concerning his conduct in this Charge should be answered in the negative.
>
> If the negligent conduct of Terry David McAfee, if any, concurred in bringing about the position of peril, then he

cannot avail himself of the Imminent Peril Doctrine.

It has been the Texas law that a plaintiff is not legally accountable for conduct, prudent or imprudent, while in a terrorized state of mind reasonably resulting from a position of peril created by the negligence of the defendant. *International & G. N. Ry. v. Neff*, 87 Tex. 303, 28 S.W. 283, 286 (1894). It has been a doctrine properly available only to a person in the legal position of a plaintiff. *Del Bosque v. Heitmann Bering-Cortes Co.*, 474 S.W.2d 450 (Tex. 1971); Thode, Imminent Peril and Emergency in Texas, 40 Tex.L.Rev. 441 (1962). While the majority of this Court was of the opinion that the issue of last clear chance was not reached in *Abalos v. Oil Development Co. of Texas*, 544 S.W.2d 627 (Tex. 1976), what was said about that issue in the concurring opinion can also be said of imminent peril: "The doctrine . . . is a part of the law's thrust and parry arising from the merciful desire to ameliorate the harshness of the absolute defense of contributory negligence." 544 S.W.2d 633.

Since the advent of comparative negligence per Art. 2212a, Vernon's Civ.Stat. Ann., this Court has sought to abolish those doctrines directed to the old choice between total victory and total defeat for the injured plaintiff and which doctrines too often confused jurors, lawyers, and judges alike. *Farley v. M M Cattle Co.*, 529 S.W.2d 751 (Tex.1975); see concurring opinion *Abalos v. Oil Development Co. of Texas, supra.* The doctrine of imminent peril fits that category, and it is now discarded. What is said does not apply to the instruction on sudden emergency.

The application for writ of error is refused, no reversible error.