Bobby D. BURKE, Appellant,

v.

UNION CITY TRANSFER, Harold Lewis Pond, Appellees.

No. 8688.

Court of Appeals of Texas, Beaumont.

Oct. 8, 1981.

Rehearing Denied Oct. 29, 1981.

Ron Etzel and Michael Hay, Pasadena, for appellant.

John H. Benckenstein, Beaumont, for appellees.

DIES, Chief Justice.

Plaintiff below, Bobby D. Burke, was a passenger in an automobile driven by Donald J. Lancaster, when the automobile struck the rear end of a truck owned by Union City Transfer and operated by Harold Lewis Pond. The truck was parked on Farm Road 565 in Chambers County, Texas. Burke sued both Lancaster and Pond, and a jury found Lancaster 47 percent negligent, Burke 23 percent, and Pond 30 percent. The trial court gave defendants below a judgment from which plaintiff below, Burke, perfects this appeal urging that under the jury findings he is entitled to a judgment (jointly and severally) of 79 percent of the damages found by the jury—$61,680—($47,493.60). The parties will be referred to herein as they were below, or by name.

Plaintiff's first four points all urge that a judgment should have been given in accordance with *Tex.Rev.Civ.Stat.Ann. art. 2212a* (Supp.1980–81), commonly known as "comparative negligence" statute. Defendant below, Lancaster, did not answer in the

lawsuit and is not a party to this appeal. Defendant Pond cites us *Schiller v. Rice*, 151 Tex. 116, 246 S.W.2d 607 (Tex.1952), which holds that one who voluntarily enters a vehicle with a driver known to be intoxicated and, thereafter, fails to leave it at the first opportunity, will be denied a recovery. Lancaster's deposition revealed that he and the plaintiff (as well as two other passengers) had been drinking beer and smoking marijuana prior to the collision. After the collision, one or more of the occupants of Lancaster's automobile threw beer cans or bottles into the ditch alongside which Pond's truck was parked. The jury found that Lancaster was under the influence of both intoxicating liquor and marijuana at the time of the collision and that these were a proximate cause of same. The jury also found that plaintiff knew of Lancaster's condition and had a "fair and reasonable opportunity to leave the automobile before the accident."

■ *Tex.Rev.Civ.Stat.Ann. art. 2212a* became effective September 1, 1973, more than twenty years after the *Schiller* decision. Since then, contributory negligence is no longer a complete defense. *Davila v. Sanders*, 557 S.W.2d 770 (Tex.1977); *Abalos v. Oil Development Company of Texas*, 554 S.W.2d 627 (Tex.1976); *Hamilton v. Motor Coach Industries, Inc.*, 569 S.W.2d 571 (Tex. Civ.App.—Texarkana 1978, no writ); *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex.1978). The court in *Davila v. Sanders*, supra at 771, wrote:

> "Since the advent of comparative negligence per Article 2212a, Vernon's Civ. Stat.Ann., this Court has sought to abolish those doctrines directed to the old choice between total victory and total defeat for the injured plaintiff and which doctrines too often confused jurors, lawyers and judges alike."

And, in *Parker v. Highland Park, Inc.*, supra at 521, the court stated:

> "In a case that is controlled by the comparative negligence statute, a plaintiff's contributory negligence that is established as a matter of fact or as a matter of law must then be compared with the negligence of the other parties, assuming that there is a finding of proximate cause in each instance."

We believe the case at bar is governed by *Tex.Rev.Civ.Stat.Ann. art. 2212a* (Supp. 1980–81) and, therefore, sustain these points of error.

■ Defendants have a point that the finding of 30 percent negligence of Pond and that this was a proximate cause of the collision is against the great weight and preponderance of the evidence. We review this point under the direction of *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Big Six Drilling Company had staked an oil well located off Farm Road 565 in Chambers County. The only entrance to the location was via a one way board road built for this purpose. Farm Road 565 was opposite the entrance and in blacktop, two twelve foot lanes. Pond's truck (Union City) was behind the drilling company's mobile unit awaiting their turn to get on the board road. Pond's lights on the tractor and trailer were turned on. It was daytime, and the visibility was good. Pond had thirteen lights on in all, including two amber lights on each side of the trailer, two red lights on the rear of the trailer, a cluster of three red lights in the center of the back of the trailer, and two emergency flashing lights on the rear of the trailer. Pond's truck was as far off the farm road as he could get without being in a deep ditch. He encroached three or four feet on the blacktop. Lancaster, as previously noted, was admittedly under the influence of alcohol and marijuana. We sustain this point and remand this case for a new trial. Costs are divided equally between the parties.

**REVERSED and REMANDED.**