## C. C. BRADFORD V. EMZY TAYLOR.
### No. 6162.

1. **Evidence—Fraud.**—A creditor attached a stock of groceries in suit against Jordan. Bradford claimed the stock by an alleged purchase the day before the levy, which was made April 3, 1883. Bradford and Jordan had been partners, and Bradford on March 12, 1883, had sold out to Jordan, who was insolvent. While owner of this stock Jordan obtained money from Taylor, all of which went to the payment of the firm debts and part to Bradford. Upon a question of fraud charged by the creditor against Jordan and Bradford in dealing with the stock, Jordan having assumed the debts and selling back to Bradford, it was held competent to prove that the money obtained from Taylor was applied to the indebtedness of the firm.

2. **Declarations of one Party to Suit.**—The pleadings charged fraud between Jordan and Bradford. On the trial the testimony of Jordan upon a former trial in way of admissions was admitted, the court limiting it to Jordan. *Held*, irrelevant as to Jordan, for as to him other satisfactory testimony was shown, and as to Bradford it was hearsay. Its admission even against Jordan was calculated to injure Bradford.

3. **Entire Statement Admissible when Part Admitted.**—But had the testimony of Jordan upon the former trial been in part introduced by one party it was error to exclude the other parts of his statement made at the same time and about the subject in litigation.

4. **Failing Debtor—Sales by.**—See approved charges upon facts showing a sale by a failing debtor to a creditor, the good faith of which was in dispute.

APPEAL from Williamson. Tried below before Hon. A. S. Walker. The facts necessary to understand the opinion are contained in it.

*Makemson & Price* and *James H. Robertson,* for appellant. —1. It was immaterial how Jordan used the money he obtained from Taylor. Railway v. Burke, 55 Texas, 324; Thurmond v. Trammell, 22 Texas, 257; Texas Pl. and Pr., sec. 727.

2. Jordan's admissions were incompetent against Bradford. Willis v. Gay, 48 Texas, 463; Carleton v. Baldwin, 27 Texas, 572; Garrahy v. Green, 32 Texas, 202; Thornton v. Tandy, 39 Texas, 548; Schmick v. Noel, 64 Texas, 406.

3. Having admitted part of Jordan's statement it was error to exclude

the balance made at same time and on same subject.    Smith v. Chenault, 48 Texas, 455; 1 Greenl. on Ev., sec. 210.

4.    On preference by failing debtor.    Ellis v. Valentine & Son, 65 Texas, 532; Lewey v. Fischl, 65 Texas, 320; Schneider & Davis v. Sansom, 62 Texas, 203.

5.    When a sale is complete.    Wells v. Littlefield, 59 Texas, 556; Harbert v. Neill, 49 Texas, 143; Duncan v. McMahan, 18 Texas, 597; Woods v. Half, 44 Texas, 634; Cleveland v. Williams, 29 Texas, 212; Griffen v. Wright, W. & W. Ct. App. C. C., 638, Burrows v. Levyson, W. & W. Ct. App. C. C., 927; Burrows v. Whitaker, Am. Rep., 42; Russell v. Corrington, 42 N. Y., 118; 1 Am. Rep., 498; Benj. on Sales, 1 Am. ed., 334, and note "t," and authorities cited.

*Fisher & Townes,* for appellee. — 1. Defendant Jordan answered by a general denial, and appellee was compelled to make out his case as against him.    The testimony given on former trial being in nature of an admission was admissible as against him if not against Bradford.    The suit was against both Jordan and Bradford and alleged fraud between them. It was admissible to prove this as against Jordan by his own testimony. It was not admitted as against Bradford and the jury were instructed not to regard it at all as to Bradford's rights in the case.    The portion of Jordan's statement in evidence having been admitted only against him and having been excluded from consideration of jury as against Bradford, there was nothing in evidence against Bradford for him to explain by any other portions of Jordan's statement.    In admitting the statement of Jordan the court expressly instructed the jury not to consider it as to Bradford.    Jordan did not offer the balance of his statement, only Bradford.

2.    On question of fraud in the sale.    Mosely v. Gaines, 10 Texas, 393; Walcott v. Brander, 10 Texas, 419; Mills v. Howeth, 19 Texas, 257; Edrington v. Rogers, 15 Texas, 188; Howerton v. Holt, 23 Texas, 53; Humphries v. Freeman, 22 Texas, 45.

HOBBY, JUDGE.—Appellee Taylor brought this suit against F. L. Jordan and C. C. Bradford to recover the sum of $580 advanced and loaned to Jordan on five checks drawn by Jordan on plaintiff.    It was alleged that the checks were executed by authority of defendant Bradford, who was alleged to have been a partner of Jordan.    This was denied under oath.    There was no proof of liability upon the part of Bradford growing out of the execution of the checks sued on.    Besides a recovery of the judgment for the amount paid by plaintiff on the checks, the petition sought to subject to an attachment lien against Bradford, to the extent of the judgment obtained against Jordan, certain goods levied on by plaintiff as the property of Jordan and which were replevied by Bradford.

This attachment was levied by plaintiff on the property on April 3, 1883. Bradford claimed the goods by virtue of a sale of the same to him by Jordan, made on April 2, 1883. The question in the case was whether there was a complete consummated sale by Jordan to Bradford prior to the levy of the writ of attachment, and whether the sale was a fraudulent one. The grounds relied upon by appellee for the recovery as against Bradford were, first, that there was no such complete sale as the law recognizes to be valid prior to the levy; and second, that if the sale was consummated in legal form, it was a fraudulent sale, and purchase of the same made with the intent to deprive appellee of the collection of his debt.

Upon these issues the testimony was conflicting, and as no assignment questions the sufficiency of the evidence to support either a statement of the facts with reference to them, would seem to be unnecessary.

There was a verdict and judgment for the amount sued for in favor of plaintiff against both Jordan and Bradford, from which this appeal is taken upon assignments relating to the admission and exclusion of evidence and to the charge of the court.

The first and second errors assigned relate to the admission by the court over the objections of the defendant Bradford of the testimony of the defendant Jordan and that of the plaintiff Taylor, to the effect that the money sued for was advanced by plaintiff Taylor to Jordan to pay the firm debts; that the checks drawn by Jordan in favor of Steele & Sparks, and paid by Taylor, were in settlement of debts which Jordan & Bradford owed, and which Jordan assumed the payment of at the time of the sale by Bradford to Jordan on March 12, 1883.

The objections to this evidence were that it was irrelevant and calculated to prejudice the rights of defendant Bradford.

The contention of appellee was that the conveyance of Jordan to Bradford on April 2, 1883, and the former conveyance of Bradford to Jordan on March 12, 1883, were fraudulent and colorable, and were made with the intent to relieve Bradford, who was solvent, of liability for the amount of debts which the firm was bound for, and which were paid by Taylor in advancing the money for that purpose to Jordan. It was proven that Bradford received $300 of the money advanced by Taylor, that he had access to the books, and knew when he bought from Jordan on April 2, 1883, that they showed the amounts which Taylor had loaned Jordan to pay the debts he had assumed in the trade with Bradford of March 12, 1883. And it was also in evidence that Bradford assumed the old firm debts in buying Jordan out.

It was certainly admissible in support of the issue raised as to the good faith or fraud in this last sale to show that the old firm debts which Bradford assumed as part of the consideration paid in buying from Jordan had been paid with money advanced by Taylor. Jordan, it is true, was alone individually liable for the money loaned him by Taylor, and it would be

ordinarily immaterial and irrelevant as to what disposition was made of the money. But upon the issue of fraud and as a circumstance tending to indicate it, it was not irrelevant to show that when Bradford bought Jordan out in April, 1883, a part of the consideration paid by him was the assumption of firm debts, which under a previous sale by him to Jordan had been assumed by Jordan, and which the evidence showed he must have known had been paid to the extent of the money loaned by Taylor; three hundred dollars of that amount having been paid to Bradford in person, and two hundred and eighty-one dollars paid by Taylor on the drafts in favor of Steele & Sparks, which liquidated the firm debts of Jordan & Bradford to that extent. In view of the fact that the defendants were partners in business, and the charge that the sale on March 12 from Bradford, who was solvent, to Jordan, who was not, was for the purpose of obtaining the money from plaintiff to assist Jordan in the payment of the firm debts, and that the conveyance by Jordan to Bradford in April was with the alleged intent to place the property beyond the reach of plaintiff and relieve Bradford of liability for such debts, we think the testimony was admissible.

The third and fourth assignments relate to the admission by the court over the defendant's objections of the evidence of Jordan given upon a former trial of this cause, and the exclusion of the same witness's evidence when offered by the defendant given at the same time and in relation to the same subject matter.

It appears that the deposition of the defendant Jordan taken in this case had been read by the plaintiff in support of his allegations with respect to the sale of the goods by him to Bradford in April, 1883. And his testimony, taken from a statement of facts prepared upon a former appeal, were offered and read to the effect that "on Saturday preceding the sale, which was on Monday, April 2, I told Murray I would have to sell out or turn over to Bradford. I would do the best I could for him (Murray) and try to get him into business. The agreement between Bradford and myself was to take the goods at invoice prices. He was to pay the old firm debts. We were to take an invoice and then I was to give a bill of sale. It was also agreed that we were to divide any excess over the debts. We finished the invoice on the 3d and then I gave bill of sale."

This was objected to by defendant Bradford, because the only issue in the case was whether the property levied on was subject to Jordan's debt, and Jordan claimed no legal right in the property and Jordan's declarations could not be used to the prejudice of Bradford. We think there was error in the admission of this evidence. These statements were but the declarations of the vendor after he had parted with his title to the property, and were not made in appellant's presence and could not be used to affect the title of the purchaser. Schmick v. Noel, 64 Texas, 408.

It is contended that they were admitted only as against Jordan. If so, they were immaterial and irrelevant, as the liability of Jordan was shown by the checks offered in evidence and the payment of them shown by plaintiff. As the testimony related to the character of the transaction and sale between Jordan and Bradford on April 2, 1883, it could only have affected the rights of Bradford involved in this issue.

After these declarations had been offered, as explained, defendant Bradford offered the statement of the same witness from the same statement of facts, as follows:

" On April 2d, 1883, I sold the goods (including those levied on) to Bradford. Strayhorn, Allen, and Murray were employed by Bradford. Allen and I commenced at once on morning of April 2d to take invoice of stock. Bradford was to give me invoice price and a bill of sale was to be executed. We did not get through taking stock that day. At night I offered the key to Strayhorn, whom I understood to be in possession of the goods for Bradford, but he preferred that I should keep the key until we got through with the invoice. It was my understanding that I only had the key and that the possession of the goods was delivered to Bradford on morning of April 2d, 1883. Bradford had employed Strayhorn, Allen, and Murray as clerks and they were put to work in the house on the morning the sale was made. On April 3d, 1883, we completed invoice and bill of sale was made. It was not made on the 2d because we did not know the amount the invoice would foot up. When we knew the amount of the goods, on the 3d of April, we made bill of sale and attached the inventory," etc.

Such is the material part of the statement offered by the defendant, and which, upon objection by the plaintiff, was excluded.

The deposition of this witness had been already used by plaintiff, and his testimony appears to be that which was mainly relied on to establish the alleged fraud in the sale, and also to show that the sale was not completed before the levy of the attachment on April 3, 1883. He had testified to many circumstances indicating that there had not been a change of the possession and control of the property from himself to Bradford prior to the levy. He was the plaintiff's witness, and we think the defendant should have been allowed to have in full his testimony by the introduction of the statements referred to.

There being in this case no objection to the evidence on the ground that it was a part of the statement of facts prepared and compiled at a former trial of the cause, then if that part of it used by the plaintiff had been admissible in his behalf, any portion of the declarations by the same witness relating to the same subject, made at the same time, would unquestionably have been admissible for defendants.

The remaining assignments necessary to be disposed of relate to the charge. It is objected that the jury were not instructed that Bradford

had the right to buy to save himself, even if Jordan intended to defraud his other creditors.

On the contrary, the court charged the jury as follows:

"If, however, Bradford being a creditor of Jordan took the goods for the sole purpose of securing his own debt, and took them at reasonable value and in reasonable quantity, then having the right to collect his debt and protect himself the title would pass to Bradford, and any subsequent levy would be invalid against such title."

It is also objected that the charge fails to define what would constitute a delivery of the property under the facts in this case, and should have charged the jury that if Bradford or his agents were in possession of the goods, and Jordan remained only to assist in taking an inventory, the delivery was sufficient.

In the tenth paragraph of the charge the jury were instructed in substance that if Jordan delivered actual possession of the goods to Bradford on the 2d of April, and Bradford and his agents on said day had exclusive possession and control against Jordan, then the delivery would be complete, etc.

The court also at appellant's request instructed the jury that "if Jordan was indebted to Bradford in a sum equal or greater than the value of the goods, and that before the levy of the attachment Bradford in good faith agreed to buy at the invoice prices, and the property was delivered and exclusive control was taken by Bradford and nothing remained to be done except to take an inventory to ascertain the aggregate price, the title would pass to Bradford and the goods would not be subject to levy, in the absence of fraud."

The general charge we think sufficiently conveyed the idea to the jury that the possession by Bradford's agents would be equivalent to his own possession, and if it did not the special instruction last quoted should have called its attention to the supposed omission.

The ninth assignment is that the court in the ninth paragraph of the charge instructed the jury that if a bill of sale was to be delivered and an invoice taken then the sale would not be complete until both were done.

The charge was: "If, however, the parties negotiated on the 2d day of April for the stock of goods, and that as a part of the contract a bill of sale was to be made and delivered by Jordan, or the aggregate price of the stock was to be ascertained by taking an invoice before the completion of the sale, and the sale was not completed April 2d for want of the same, then the goods were subject to levy made before such completion, and if from the testimony the sale was so incompleted at the time of levy they would find for plaintiff."

The effect of this instruction was to inform the jury that if by the

contract of sale a bill of sale was made essential to perfect the sale, then it would not be completed until the delivery of such bill of sale.

There was evidence from which the jury may have believed that by the contract a bill of sale was deemed by the parties an essential feature of the sale.

The fifteenth assignment is to the effect that there was no proof of the value of the property which would support a judgment against the defendant Bradford. The proof was, the goods were levied on by the writ of attachment in favor of plaintiff to the extent of $810. That the defendant Bradford gave a replevy bond therefor. That they were the goods claimed to have been bought by Bradford from Jordan in April, 1883, and that Bradford used and appropriated the same.

The judgment against Bradford was for the amount of the debt established against Jordan, $581 with interest. The trial having resulted in the ascertainment of the only question at issue, namely that the goods were subject to the attachment, it was proper to render judgment against the defendant upon his replevy bond.

For the errors indicated in the admission and exclusion of the evidence referred to, we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 28, 1889.