## Ben Morrow v. The State.

### No. 4061.    Decided February 3, 1909.

### Rehearing Denied June, 1909.

**1.—Local Option—Detective—Jury Law—Accomplice.**

Upon trial for a violation of the local option law there was no error in permitting State's counsel, in examining the jurors on voir dire, to say to them that the law did not require the testimony of a detective to be corroborated, the court remarking at the same time that this was so but that he would not so charge the jury, and upon further objections by defendant's counsel instructed the jury not to consider such statement of the counsel and the court. Article 407, Penal Code, provides that the purchaser of intoxicating liquors is not an accomplice.

**2.—Same—Argument to Court by Counsel—Practice.**

Upon trial of a violation of the local option law, the argument of counsel on question of law on the admissibility of evidence before the court, could not be used as a ground for reversal because it was made in the presence of the jury, no injury to defendant's right appearing.

**3.—Same—Evidence—Cross-Examination—Credibility of Witness—Husband and Wife.**

Upon trial of a violation of the local option law, there was no error to permit State's counsel on cross-examination of defendant's wife to ask her whether she did not know that there were charges pending against the defendant on the very days she had sworn he was confined to his bed; the court limiting said testimony to the credibility of the witness.

**4.—Same—Evidence—Books—Entries—Cross-Examination.**

Where upon trial of a violation of the local option law, the main State's witness fixed the date of the offense from a memorandum book, and the defense on cross-examination demanded said book to show all entries therein, and the court ruled that the book could only be used as to the particular transaction at issue, which the defendant refused to do, there was no error to refuse the use of said book for the purpose of showing other entries, it not being shown that this was necessary.

**5.—Same—Evidence—Books—Entries—Bona Fides.**

Upon trial of a violation of the local option law, there was no error in compelling a defense witness to produce his book on cross-examination by the State, for the purpose of showing all the entries as they might affect the bona fides of the entries introduced by the defendant; besides there was nothing shown to prejudice the rights of the defendant.

**6.—Same—Evidence—Detective—Cross-Examination.**

Where upon trial of a violation of the local option law the defense had cross-examined the main State's witness, who was a detective, suggesting false swearing, collusion, etc., there was no error in permitting the State's counsel in re-examining the witness to show that the witness was simply employed to detect persons unlawfully selling liquor.

**7.—Same—Charge of Court—Alibi.**

Where upon trial of a violation of the local option law the defense interposed an alibi, and the court correctly charged thereon, there was no error in the court's refusal of a special charge on the same, subject.

**8.—Same—Sufficiency of the Evidence.**

Where upon trial of a violation of the local option law the evidence supported the conviction, the same will not be disturbed.

Appeal from the County Court of Navarro. Tried below before the Hon. C. L. Jester.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

*Callicutt & Call* and *W. W. Ballew,* for appellant.—On question of remarks by the court: Kirk v. State, 35 Texas Crim. Rep., 224; Walters v. State, 37 Texas Crim. Rep., 388; Walker v. State, 42 Texas, 360; Leverett v. State, 3 Texas Crim. App., 213. On question of counsel's argument on questions of law: Eanes v. State, 10 Texas Crim. App., 421; Hardy v. State, 13 S. W. Rep., 1008; White v. State, 10 Texas Crim. App., 381; Fuller v. State, 30 Texas Crim. App., 559. On question of cross-examining the wife of the defendant: Hobbs v. State, 53 Texas Crim. Rep., 71; Brock v. State, 44 Texas Crim. Rep., 335. On question of introducing book: Green v. State, 53 Texas Crim. Rep., 490, 110 S. W. Rep., 920.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—The conviction in this case was for the unlawful sale of intoxicating liquors, the punishment being assessed at a fine of $100 and twenty days confinement in the county jail. The record is very voluminous and many questions are raised by counsel for appellant, the more important of which we will now consider.

1. It is urged that the court erred in permitting private counsel upon the voir dire examination of the jurors to state, over appellant's objection, that the witness upon whose testimony a conviction would be sought was a private detective, and that the law does not require his evidence to be corroborated, but that the same stood in respect to the case as the testimony of any other witness, and that the court would so charge them; and that the court erred in stating to the jury orally, that while it was true that detectives were like other witnesses in the case and would not have to be corroborated by other testimony, yet he would not charge the jury to this effect in his written charge. The statement of counsel for the prosecution was a correct statement of the law and it was proper, with a view of exercising intelligently his peremptory challenges to ask the jury with reference to their attitude and prejudice, if any, against the testimony of a witness of

this kind. The bill of exceptions, as approved by the court, states that when the matter was under discussion, he stated to counsel in the presence of the jury that he understood the law to be that a detective or the purchaser of intoxicating liquors, need not be corroborated, but that he would not so charge. Thereupon appellant's counsel excepted to the court's statement that he so understood it to be the law and the court thereupon stated that he would withdraw the remark and instructed the jury that they would not consider it. We can not see, under the explanation of the court, that there was any error committed, and in any event when upon objection, the statement of the court was withdrawn, that appellant could have been injured thereby. See article 407, of the Penal Code, for ample warrant for the action of the court. This article is as follows: "When the sale of intoxicating liquor has been prohibited in any county, justice precinct, city or town, the repeal of such prohibition shall not exempt from punishment any person who may have offended against any of the provisions of the law while it was in force, and the fact that a person purchases intoxicating liquor from anyone who sells it in violation of the provisions of this chapter shall not constitute such person an accomplice."

2. It is urged that the court erred in permitting private counsel for the prosecution to repeatedly ask the witness Hodge if he was at the defendant's place of business during the month of February, 1907, and if so if he saw appellant, and after the court had excluded the question upon objection of counsel, and in permitting said private counsel to renew said question and state in the presence of the jury that the testimony was material and legitimate in this, that he expected to prove by this witness and the cashier of the City National Bank, that the defendant was in his place of business during the month of February, 1907, and that the witness Hodge saw appellant in his place of business on the 9th of February, 1907, which would contradict and impeach the testimony of appellant's wife and of Dr. Hodge, and that he expected to prove by one Cheney, the cashier of the bank, that appellant personally made deposits in the City Bank during the time appellant's wife testified he was at home sick in bed. In approving this bill the court says: "It is proper to state in connection with this bill that when the evidence was first tendered the defendant objected and this objection the court sustained: the State's counsel in arguing the admissibility of the evidence after the court ruled, enacted the above described scene in his effort to induce the court to reverse his ruling." It will be seen, therefore, that it is not complained that the actual ruling of the court is erroneous, but the exception is leveled against the statement of counsel in discussing the matter to the court and in the presence of the jury. We know how difficult it is often, to intelligently discuss the admissibility of testimony without a statement of the substance at least of the testimony to be offered in evidence and its relation to the

case at bar. If we were to adopt the rule that cases will be reversed because of the statements or argument of counsel on questions of law before the court in the presence of the jury, it would, we believe, be seldom found that any conviction could be sustained where there was a serious contest, because it would not often happen that counsel for the State would be correct in every case where testimony was offered; and to reverse the judgment, where the supposed misconduct went only to the extent of a vigorous insistence of counsel's opinion with illustrations of his views, would be a doctrine both new and dangerous.

3. Again, it is urged that the court erred in permitting counsel for the State to ask the wife of appellant if she did not know that there were eight or ten indictments against her husband for the sale of intoxicating liquor during the month of February, 1907, for the very days she had sworn defendant was confined to his bed, and requiring the witness to answer the same over the objection of defendant's counsel. It should be stated in this connection that appellant stood charged with the sale of intoxicating liquor on the 4th day of February, 1907. His wife had testified to his sickness on that day, and for several days succeeding. If appellant was not sick immediately succeeding the day charged, it would furnish some ground of attack upon her testimony that he was not sick on February 4th. If it be true that there were prosecutions covering many days after February 4th, it would furnish some ground of attack upon her testimony, and that it was induced by her knowledge of the charges against him on the days succeeding February 4, 1907. The court states, in explanation of the bill, that this testimony was only admitted on cross-examination for the purpose of affecting the credibility of the witness (defendant's wife) before the jury, and the court so stated at the time. Being thus limited, it is clear to our minds that its reception was not erroneous. On the contrary, as affecting her credibility, it was proper to be considered.

4. It is next urged that the court erred in not permitting counsel for the defendant to cross-examine the witness H. O. Mugrage upon the entries made by him in his memorandum book, and to inspect said book and offer same in evidence. This witness had testified, in substance, to the effect that he knew the alleged sale was made on the 4th day of February, because he made a memorandum of the fact in a memorandum book kept by him at the time, and that he had recently refreshed his memory from this book. He was asked by counsel for appellant where the book was, to which he replied he thought the county attorney had it. Thereupon, the bill recites that the appellant asked the court to require the witness to produce the memorandum book, and to permit the defendant to examine the same and cross-examine the witness in regard thereto, which the court refused to do. It should also be stated that it appeared that there were memoranda in this book in reference to various charges against appellant and other persons against whom prosecutions were then pending. In explanation of the bill, and in approving the same the court says: "Counsel for

the State, under the ruling of the court, offered to submit to the examination by counsel for defendant on the memorandum made in regard to the particular case on trial, but they declined to examine it, claiming 'that the memorandum book is subject to inspection for cross-examination, and we want to examine him (witness) on that book.' Whereupon the court said, 'I refuse to require him to get that book, except with reference to the particular transaction at issue. That question has been threshed out.' The court had in short ruled that defendant could only examine the memorandum book with reference to this transaction, and this defendant refused to do." The bill does not disclose how an examination of the entries of the book concerning other offenses could have thrown any light upon, or aided appellant in any way in defense of the offense charged in this case. Ordinarily, at least, where an examination of memoranda is permitted in respect to the particular matter under investigation, this ought to be held sufficient. If there were special circumstances making it important or necessary that an examination of the memoranda of other transactions should be permitted, this fact, and the connection between such other transactions, and the one under investigation, should be shown. We do not think, as presented, there was any error in the action of the court in respect to this matter.

5. Again, it is urged that the court erred in compelling Dr. Hodge to produce his books for the years of 1906, 1907 and 1908, and in permitting the State to cross-examine him in respect to all the entries therein, because such course was improper, and the examination should have been limited to the entry made on the 4th of February, 1907. We think as this matter is presented that there was no error in the action of the court in respect thereto. Dr. Hodge had testified in substance to an entry in his books, wherein he charged his visits and prescriptions to appellant. He had stated that. he testified from entries in the books, and not from any independent recollection as to dates. There were certain items dated February 4th and 5th, all pertaining to the account of appellant. The State then offered in evidence the remainder of Dr. Hodge's books; also two prescriptions from Cranford & Bagby's drugstore. The court admitted in evidence all the books of Dr. Hodge for the purpose of showing the general appearance of the handwriting as it related to the entries made in the book introduced by defendant, and with special reference to the date, February 4, 1907. This was upon the issue presented by the State, that the said last-named entry—that is, the entry of February 4, 1907—was an afterthought, and fictitious, and not made in good faith at that time, nor in the usual course of business. The court also admitted the several entries as bearing upon the bona fides of the entries introduced by appellant. Of course, if there was an issue of the bona fides of the entry of date February 4, 1907, or a question as to whether same was made in the usual course of business, there would seem to be no doubt of the correctness of the court's action, and that it should be sustained.

There seems to be some slight warrant, at least, for this contention on the part of the State. Besides, if the court had erred, unless there was something in the other entries which might have had the effect of prejudicing the rights of appellant, or in some way injuring him, the only effect of the admission of these other entries would be to unnecessarily incumber the record, and would furnish no ground to reverse the judgment.

6. Complaint is made that the court erred in permitting counsel for the State to ask the witness Mugrage, on re-examination, some details with reference to his employment by the Law and Order League in Navarro County. Counsel for appellant had cross-examined this witness with great vigor, and his cross-examination bristled with suggestions of perjury, false swearing, collusion, suggestions that he must earn his money by getting cases, right or wrong, and by intimations that might disgrace the witness. On re-examination he was asked, among other things, if it is not a fact that his sole employment was by the Law and Order League in Navarro County, by the gentlemen who brought him here; was to detect these law breakers and whisky sellers, and whether he had ever swindled them out of a cent, and whether it made any difference to him whether the defendant was convicted or acquitted, and whether he received a sum fixed, and matters of that sort. In view of the cross-examination by counsel for appellant we can not see how this examination went beyond the rules of propriety, and we are convinced that, in any event, this line of re-examination was invited by the nature and scope of the cross-examination.

7. There is a number of other similar questions raised, the discussion of which would require more time and space than we think their importance demands. We have examined all, and we think that there was no such error in the conduct of the trial in the production of testimony as would warrant a reversal.

8. The thirteenth assignment of error is, that the court erred in refusing to give appellant's special charge upon the question of alibi. On this question appellant requested two special instructions. One of them was, in substance, given by the court in his general charge. On this question the court instructed the jury as follows: "Among other defenses set up by the defendant is that of alibi, so-called in law; that is, that if there was an unlawful sale of intoxicating liquor to H. O. Mugrage at the Jockey Club, on February 4, 1907, as charged, that the defendant was at the time of such alleged sale, if any, at another and a different place from that at which such sale is alleged to have taken place, and that the defendant was not and could not have been the person who made such sale, if any made. Now, if you entertain a reasonable doubt as to the presence of the defendant at the time and the place of the alleged sale (if any), and entertain a reasonable doubt that, at that time, he may not have been elsewhere, or at home sick, then the defendant is entitled to the benefit of that doubt, and the jury should

acquit defendant." The charge, the refusal of which is complained of, is as follows: "You are instructed, at the request of defendant, that the defense set up by the defendant is that known in legal phraseology as an alibi; that is, that if there was a sale of intoxicating liquor made to H. O. Mugrage on February 4, 1907, in defendant's place of business, that the defendant was, at the time of such sale, at another and different place, to wit, was at home sick, and was therefore not, and could not have been, the person who made the sale. Now, therefore, if you entertain a reasonable doubt of the presence of the defendant at the time and place of the alleged sale, and entertain a reasonable doubt that at that time he may not have been elsewhere or at home sick, the defendant is entitled to the benefit of that doubt, and the jury should acquit him." We confess that we can see practically no difference in the charge of the court, and that the refusal of which it is claimed to be erroneous, and having given, as we believe, a wholly unexceptional charge on alibi, the court was not called upon to emphasize this defense by giving another charge.

9. We have gone carefully over the record, and are convinced that, if the facts testified to by Mugrage were true, which the jury settled adversely to the appellant, there were no such errors committed on the trial of the. case as would justify us in reversing the judgment of conviction. It is therefore ordered that the judgment of conviction be, and the same is, hereby in all things affirmed.

*Affirmed.*

[Rehearing denied June, 1909.—Reporter.]