**J.B. SMITH, Appellant,**

v.

**STATE of Texas, ex rel. Keith HIGHTOWER, Appellees.**

No. 12–83–0054–CV.

Court of Appeals of Texas, Tyler.

Dec. 15, 1983.

Rehearing Denied Dec. 20, 1983.

Discretionary Review Granted Dec. 21, 1983.

Joe Tunnell, Tyler, for appellant.

Jack Skeen, Dist. Atty., Tyler, for appellees.

COLLEY, Justice.

On January 10, 1983, the trial court rendered judgment based on a jury verdict removing J.B. Smith from the office of Sheriff of Smith County.

Smith in this appeal presents eight points of error, contending that the trial court erred in overruling his motion to quash the jury panel drawn from the jury wheel, in overruling his special exceptions to the State's pleading, in failing to grant a mistrial, in overruling his objections to a portion of the court's charge, in failing to require the State to produce for his examination during trial a transcript of Smith's grand jury testimony; that the evidence is insufficient to support the jury's findings in response to question 2 of the verdict form that his behavior inquired about in said question was "willful"; that there was no evidence to support a finding that he performed an unlawful act; and that he was not afforded a fair trial because the trial judge was made aware of certain pretrial news stories, federal judicial proceedings, as well as an affidavit signed by the Honorable Hunter Brush, then Criminal District Attorney of Smith County, Texas, for use in the federal judicial proceedings

in the United States Court of Appeals, Fifth Circuit. We reverse and remand.

We first consider Smith's sixth point of error claiming that the trial court erred in overruling his special exceptions to paragraph III b of the State's petition which reads:

Defendant has appropriated for his own benefit various Smith County Sheriff's patrol cars, and the gasoline necessary to operate such cars, on many dates including the following: May 1, 1981; June 1, 1981; and July 8, 1981. These automobiles and the gasoline necessary to operate them were used to patrol the Casa De Oro Apartments in the City of Tyler, Texas, for the purpose of obtaining a rent-free apartment for the Defendant or his agents.

Smith's special exception leveled against such pleadings read: "Defendant specially excepts to the allegations contained in subparagraphs ... (b) ... of paragraph III of plaintiff's said amended petition and says none of the allegations contained in said subparagraph state grounds for removing defendant from office in that: ... (c) in none of said subparagraphs are the allegations sufficiently specific and certain as to apprise the defendant of the acts or omissions claimed by the plaintiff to constitute official misconduct so as to enable the defendant to prepare his defense and to plead the judgment in bar."

Next by his seventh point of error Smith contends that the trial court erred in overruling his objection made to the submission of Question No. 2 of the verdict form which reads:

Do you find from a preponderance of evidence that on many dates, including on or about May 1, 1981; June 1, 1981; and July 8, 1981 Defendant appropriated for his own benefit various Smith County, Sheriff's patrol cars, and the gasoline necessary to operate such cars, on many dates, and these automobiles and the gasoline necessary to operate them were used to patrol the Casa De Oro Apartments in the City of Tyler, Texas, for the purpose of obtaining a rent-free apart-

ment for the Defendant or his agents. And if so, do you find from a preponderance of the evidence that he is by such conduct guilty of official misconduct by unlawful behavior in relation to the duties of his office willful in its character, including his willful or corrupt failure, refusal or neglect, if any, to perform the duties enjoined upon him by law? If you do not so find by a preponderance of the evidence, you will answer the question 'No.'

Answer 'Yes' or 'No.'

We, the jury, answer: Yes.

Smith objected to the inclusion in the language of Question No. 2 of the phrase "on many dates" because the same "... is insufficiently specific to apprise the defendant of the charges he must defend; ..."

■ The State's argument in reply to points 6 and 7 emphasizes that the documentary evidence which shows that in response to Smith's standing orders (check in passing) for all units of the Sheriff's Department to patrol the parking lots of the Casa De Oro Apartment complex, on thirty-one different dates between February 10, 1981, and July 9, 1981, eight different patrol vehicles made thirty-seven separate checks in passing of the parking lots. Hence, the State argues that the pleading and the evidence together supply sufficient specificity and certainty. Such an argument misses the mark. The State's trial pleadings do not allege a single one of the dates included in the documentary evidence, and the evidence adduced at trial by the State does not reflect that county vehicles were used to patrol such parking lots on the dates alleged, to-wit: May 1, 1981, June 1, 1981, and July 8, 1981. The State having introduced at trial without objection on the part of Smith evidence of numerous dates on which Sheriff's vehicles were used to patrol the Casa De Oro parking lots by officers complying with Smith's orders, failed to file a proper trial amendment alleging such dates, and failed to request submission to the jury of issues raised by such evidence as contemplated by Rules 66 and 67, Tex.R.Civ.P. Under these circumstances, and in view of Smith's objection to the submission of Question No. 2 above discussed, it cannot be said that the issues as to official misconduct raised by the evidence introduced without objection amounts to a trial of such issues of misconduct by implied consent. *Harkey v. Texas Employers' Ins. Ass'n.*, 146 Tex. 504, 208 S.W.2d 919, 922, 923 (1948). In fact, the acts of official misconduct not pleaded by the State but raised by such evidence were not tried at all by the jury except under the nonspecific allegation of "on many dates."

■ Article 5977, Tex.Rev.Civ.Stat.Ann. (Vernon 1962) clearly requires that a petition for removal of county officers filed pursuant to the provisions of Article 5970, et seq. must "... set forth in plain and intelligible words the cause or causes alleged as the grounds of removal, *giving in each instance, with as much certainty as the nature of the case will admit of, the time and place of the occurrence of the alleged acts;* ..." (Emphasis added.) The Texas Supreme Court in its decision in *Meyer v. Tunks*, 360 S.W.2d 518, 520 (Tex. 1962), stated that the allegations in a petition to remove an officer from office for official misconduct must be "... specific and certain." *Id.* 520. That portion of the State's pleading in this case above quoted was subject to special exception. The phrase "on many dates" is both nonspecific and uncertain. The trial judge erred in overruling Smith's special exception thereto. Point 6 is sustained.

■ Question 2 as submitted to the jury inquired of the jury whether Smith "on many dates, including on or about May 1, 1981; June 1, 1981; and July 8, 1981; ..." appropriated the county vehicles and the gasoline for their operation to patrol the Casa De Oro Apartments in order to obtain a rent-free apartment. In fact, the issue as framed employs the phrase "on many dates" twice. Article 5978 plainly states, "... when there are more than one distinct cause of removal alleged, the jury shall by their verdict say which cause they find sustained by the evidence before them and which are not sustained." Considering the language of Article 5977 and Article 5978 together, it is clear that the phrase

"distinct cause of removal" as used in Article 5978 has reference to each act of official misconduct alleged. Hence the same standard of specificity and certainty applies both to pleadings and jury findings. The trial court erred in overruling Smith's objection to Question No. 2. Point 7 is sustained. Since the errors found require reversal of the judgment below, we need not address the remaining points. However, in the event of a new trial, we express the opinion that the trial court erred in refusing to order the State to produce a transcript of Smith's entire grand jury testimony. Since Smith was impeached by the introduction before the jury of a prior inconsistent statement contained in a portion of his grand jury testimony, he was entitled to introduce all or any part of the remaining portions of his grand jury testimony that tended to explain the portions used to impeach him. *T.A. Robertson & Co. v. Russell*, 51 Tex.Civ.App. 257, 111 S.W. 205 (1908, writ ref'd); *American Bankers Life Ins. Co. v. Barlow*, 127 S.W.2d 1026 (Tex.Civ.App.—Waco 1939, writ dism'd judgmt cor.); 23 Tex.Jur.2d *Evidence* § 141; *Garcia v. State*, 454 S.W.2d 400, 403 (Tex.Cr.App.1970).

The judgment of the trial court is reversed, and the cause remanded.