STATE of Texas, ex rel. Keith
HIGHTOWER, Petitioner,

v.

J.B. SMITH, Respondent.

No. C–2654.

Supreme Court of Texas.

May 16, 1984.

Rehearing Denied June 20, 1984.

Jack Skeen, Jr., Crim. Dist. Atty., Charles H. Clark, Jimmy M. Negem, Tyler, for petitioner.

Wilton H. Fair, Joe Tunnell, Tyler, for respondent.

SPEARS, Justice.

This is a removal suit against the sheriff of Smith County. J.B. Smith was elected to a second term as sheriff of Smith County in 1980. Shortly after his new term began in 1981 Smith was indicted on charges of official misconduct. In this removal suit which followed, the jury found that Smith had misappropriated county vehicles and fuel to patrol an apartment complex in order to obtain a rent-free apartment. Based on the jury finding that this was official misconduct, the trial court rendered judgment removing Smith from office. The court of appeals reversed, finding that the pleadings and jury issue did not comply with articles 5977 and 5978, Tex.Rev.Civ.Stat.Ann. (Vernon 1962), which provide for the removal of county officers. 671 S.W.2d 48. We reverse the judgment

of the court of appeals and remand the cause to that court for consideration of Smith's factual insufficiency point of error.

We granted the State's application for writ of error to decide whether the court of appeals erred in holding that the removal petition and jury issue were not specific enough. After losing in the court of appeals on these issues, the State argued in this court for the first time that Smith waived any error and that these issues should never have been addressed. Smith maintains that we should not consider these belated procedural arguments raised by the State only after an adverse decision on the merits. A number of intermediate court opinions support Smith's position that a party who argues a point solely on the merits and loses cannot then, on rehearing, argue that the point was waived and should never have been reached. *See Ford Motor Co. v. Tidwell,* 563 S.W.2d 831, 836 (Tex. Civ.App.—El Paso 1978, writ ref'd n.r.e.); *Sanders v. Davila,* 550 S.W.2d 709, 713 (Tex.Civ.App.—Amarillo 1977), *writ ref'd n.r.e. per curiam,* 557 S.W.2d 770 (Tex. 1977); *Thomas v. Morrison,* 537 S.W.2d 274, 279–81 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.); *Texas Employers' Insurance Ass'n v. Downing,* 218 S.W. 112, 122 (Tex.Civ.App.—Amarillo 1920, writ ref'd); *Taylor v. First State Bank,* 178 S.W. 35, 38 (Tex.Civ.App.—Fort Worth 1915, no writ); *Southern Gas & Gasoline Engine Co. v. Adams & Peters,* 169 S.W. 1143, 1149–50 (Tex.Civ.App.—San Antonio 1914, writ ref'd). Because of our disposition on the merits of the State's points of error, we need not consider and do not pass upon its procedural arguments.

■ Article 5977 sets out the requisites for removal petitions, providing that they "shall set forth in plain and intelligible words the cause or causes alleged as the grounds of removal, giving in each instance, with as much certainty as the nature of the case will admit of, the time and place of the occurrence of the alleged acts ...." Smith argues that removal proceedings are quasi-criminal and, thus, a strict reading of the statutory requirements is

called for. Under this construction, Smith contends that the following allegations are insufficient:

Defendant has appropriated for his own benefit various Smith County Sheriff's patrol cars, and the gasoline necessary to operate such cars, on many dates including the following: May 1, 1981; June 1, 1981; and July 8, 1981. These automobiles and the gasoline necessary to operate them were used to patrol the Casa De Oro Apartments in the City of Tyler, Texas, for the purpose of obtaining a rent-free apartment for the Defendant or his agents.

\* \* \* \* \* \*

The acts done and caused to be done by Defendant ... are unlawful under Section 39.01 of the Texas Penal Code and constitute official misconduct as defined by Article 5973, V.A.C.S., in that they represent unlawful behavior in relation to the duties of the office of Sheriff, Smith County, Texas, and were wilful in their character.

Smith claims these allegations are not sufficiently specific and certain to give notice of the actions alleged as official misconduct. The State counters that its pleadings give fair and adequate notice of the contested issue and the evidence to be presented. *See Stone v. Lawyers Title Insurance Corp.*, 554 S.W.2d 183 (Tex.1977); Tex.R. Civ.P. 45.

Although the legislature directed that removal proceedings shall be tried insofar as possible like other civil cases, the sufficiency of the petition must be measured by the requirements of article 5977. That provision only requires that the petition be specific and certain; we have disavowed any stricter construction. *Meyer v. Tunks*, 360 S.W.2d 518, 520 (Tex.1962). The State alleged a continuing arrangement as misconduct—that is, using county patrol cars and gasoline to patrol a specified apartment complex in return for the sheriff's rent-free apartment. The essence of the complaint was that the misappropriation occurred not once, nor occasionally, but repeatedly—in other words, "on many dates." Reading

the general language together with the specific dates alleged gives specific and certain notice that the alleged cause for removal was the on-duty patrolling of the Casa de Oro Apartments over a period of time reasonably close to the specified dates, but not limited to those dates. The evidence showed that at least thirty-seven patrols were carried out under Smith's orders from February 10th through July 9th, 1981. The petition gave Smith specific and certain notice of the charge of misconduct he was called to defend against. We hold that the requirements of article 5977 were satisfied.

■ Smith raised similar objections to the issue submitted to the jury. The issue tracked the petition:

Do you find from a preponderance of evidence that on many dates, including on or about May 1, 1981; June 1, 1981; and July 8, 1981 Defendant appropriated for his own benefit various Smith County, Sheriff's patrol cars, and the gasoline necessary to operate such cars, on many dates, and these automobiles and the gasoline necessary to operate them were used to patrol the Casa De Oro Apartments in the City of Tyler, Texas, for the purpose of obtaining a rent-free apartment for the Defendant or his agents. And if so, do you find from a preponderance of the evidence that he is by such conduct guilty of official misconduct by unlawful behavior in relation to the duties of his office willful in its character, including his willful or corrupt failure, refusal or neglect, if any, to perform the duties enjoined upon him by law?

Smith's sole argument is that the issue failed to specify the distinct cause for removal in that it failed to list a particular date supported by the evidence.

The removal statute requires that the trial judge

... instruct the jury to find from the evidence whether the cause or causes of removal set forth in the petition are true in point of fact or not; and, when there are more than one distinct cause of re-

moval alleged, the jury shall by their verdict say which cause they find sustained by the evidence before them, and which are not sustained.

Tex.Rev.Civ.Stat.Ann. art. 5978 (Vernon 1962). The issue submitted was clearly tied to the misappropriation charge contained in the petition. Furthermore, we hold that the repeated use of county cars and fuel as part of a continuing arrangement for Smith's private gain was one distinct cause for removal within the meaning of article 5978. The apparent purpose of requiring a separate issue for each distinct cause is to inform the accused official of the basis for his removal. In this case, for example, Smith was charged with bribery and misappropriation as a result of the apartment arrangement, and he was also charged with misappropriation arising from a separate incident in which he used a county vehicle for a personal trip. The three causes of removal were separately submitted to and answered by the jury. Specifying the particular dates of the patrolling which supported the finding of misappropriation was not required by the statute and was not necessary to inform Smith of the distinct cause of his removal. We therefore reverse the judgment of the court of appeals which held that the petition and issue were inadequate.

Smith filed a separate application for writ of error asserting there was no evidence that he performed an unlawful act. Smith argues that accepting a rent-free apartment in return for security services is a common and innocent practice. He further states that checks-in-passing (CIP's), a procedure whereby on-duty officers routinely check a designated location, is a valid law enforcement practice that can be performed at the request of any citizen, with or without an order from the sheriff. Smith concludes that these elements, separately innocuous, cannot together be official misconduct.

Smith was charged with official misconduct under former section 39.01(a)(5) of the Penal Code, which prohibited taking or misapplying any thing of value belonging to the government. Tex.Penal Code Ann. § 39.01(a)(5) (Vernon 1974). Willfully using county vehicles and fuel for private benefit constitutes misapplication or misappropriation, even though the same activity accomplishes a legitimate public function. The evidence was uncontroverted that Smith received a rent-free apartment in the complex where at least thirty-seven CIP's were performed at his order over a five-month period. There was testimony that Smith's arrangement was unusual because he did not actually live on the premises like other officers who provide off-duty security and that as a result his services were so unsatisfactory that the apartment manager was forced to hire an additional officer. The apartment manager testified that in the usual arrangement for a rent-free apartment an officer will agree to live on the premises and personally patrol the common areas and handle minor disturbances while off-duty. There was also testimony that in other circumstances requests for CIP patrols were usually carried out for three days, not five months. This was some evidence from which the jury could reasonably find the CIP's were not routine but were Smith's means of fulfilling his private agreement for his own gain.[1]

Smith additionally brings forward a number of cross-points in support of the judgment of the court of appeals. His first point, addressed by the court of appeals, complains of the trial court's failure to allow him to examine the remainder of the grand jury transcript from which a portion had been used for impeachment. The court of appeals correctly held that because Smith was impeached by the introduction of portions of his grand jury testimony he was entitled to introduce any portions tend-

---

**1.** This holding should not cast doubt upon the usual arrangement where an officer agrees to provide *off-duty* security in return for compensation. Nor will calling on-duty personnel, when warranted, amount to misappropriation. But when, as here, the evidence supports the conclusion that private gain is earned through the use of official property and labor, a charge of official misconduct is sustainable.

ing to explain the apparent inconsistency. *See, e.g., Bradford v. Taylor,* 74 Tex. 175, 179, 12 S.W. 20, 24 (1889); *Hoffpauir v. State,* 596 S.W.2d 139 (Tex.Cr.App.1980); *Missouri Pacific Railroad Co. v. United Transports, Inc.,* 518 S.W.2d 904 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); *Smith v. Rozelle,* 282 S.W.2d 122 (Tex.Civ.App.—Waco 1955, writ ref'd n.r. e.). This right is limited, however, to those portions relating to the same subject matter or topic. *Bradford v. Taylor,* 74 Tex. at 179, 12 S.W. at 24; *Morrow v. State,* 56 Tex.Cr. 519, 120 S.W. 491 (1909); *American Bankers Life Ins. Co. v. Barlow,* 127 S.W.2d 1026 (Tex.Civ.App.—Waco 1939, writ dism'd judgmt cor.); *T.A. Robertson & Co. v. Russell,* 251 Tex.Civ.App. 257, 111 S.W. 205 (1908, writ ref'd). Grand jury testimony is as a rule exempt from disclosure. That exemption was lost only to the extent that portions of the transcript covered the subject upon which Smith was impeached. Because Smith insisted on reviewing the entire transcript, the trial court properly denied his request. Smith should have requested only those portions relating to the statement used by the State for impeachment and further requested an *in camera* inspection of the transcript to isolate those portions.

■ Smith also complains that the jury was not selected in compliance with the jury wheel statute. *See* Tex.Rev.Civ.Stat. Ann. art. 2094 (Vernon Supp.1984). We do not consider the merits of this complaint, however, because the record does not show that Smith presented his motion to quash the jury panel to the proper judge. The courts of Smith County operate under the interchangeable jury system of article 2101. Objections to the jury panel therefore must be presented to the judge charged with organizing and impaneling the jurors for the week. Smith's motion to the trial judge after the panels were organized was not timely. *Texas Employer's Insurance Ass'n v. Burge,* 610 S.W.2d 524, 525 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.); *Texas & New Orleans Railroad Co. v. Jacks,* 306 S.W.2d 790, 793–94 (Tex.Civ.App.—Beaumont 1957, writ ref'd

n.r.e.). In view of our holding, it is unnecessary to consider Smith's cross-point alleging that extraneous affidavits and press accounts affected the ruling on his motion to quash the panel.

■ By his fifth cross-point, Smith argues that he was denied a fair trial because of a prejudicial statement by one of the State's witnesses. Shortly after being called to the stand as the State's first witness the apartment manager was asked whether there came a time when she determined that the arrangement with Smith was unsatisfactory. She answered, "Yes, when he got indicted." Smith's attorney immediately objected and moved for a mistrial, noting that the trial court had sustained his motion in limine excluding references to the criminal charges. The objection was sustained, and the jury was instructed to disregard the statement. The criminal proceedings were not mentioned again. The record shows that Smith's civil and criminal cases generated a great deal of publicity, and the potential jurors were thoroughly screened during voir dire on the subjects of bias and predisposition. Quite a few persons were excused. We must assume those impaneled were impartial and capable of following the trial court's instruction. Based on these circumstances, we do not find harmful error. *See Standard Fire Insurance Co. v. Reese,* 584 S.W.2d 835 (Tex.1979).

■ Smith's remaining cross-point challenges the factual sufficiency of the evidence supporting the jury's finding that his conduct was willful. This point is within the exclusive jurisdiction of the court of appeals and requires that we remand the cause to that court. *Hurst v. Sears, Roebuck & Co.,* 647 S.W.2d 249, 253 (Tex.1983); Tex.Const. art. V, § 6.

We conclude that the petition and issue were sufficient; therefore, we reverse the judgment of the court of appeals and remand the cause to that court to consider Smith's factual insufficiency point.