**J. B. SMITH, Appellant,**

v.

**STATE of Texas, ex rel. Keith HIGHTOWER, Appellee.**

**No. 12–83–0054–CV.**

Court of Appeals of Texas,
Tyler.

July 19, 1984.

Joe Tunnell, Tyler, for appellant.

Jack Skeen, Jr., Dist. Atty, Tyler, for appellee.

## OPINION ON REMAND

COLLEY, Justice.

On December 15, 1983, we delivered an opinion reversing the judgment below and remanding this cause for a new trial. 671 S.W.2d · 48. The Supreme Court granted the State's application for writ of error, and on May 16, 1984, delivered its unanimous opinion reversing the judgment of our court, but remanding the cause to this court for consideration of Smith's factual insufficiency point of error. *State of Texas, ex rel. Hightower v. Smith*, 671 S.W.2d 32 (1984).

As we read the opinion, the Supreme Court, in acting on Smith's cross-point of error contending that the evidence was legally insufficient to support the jury's finding that he performed an illegal act, considered evidence of all acts of misconduct by Smith occurring between the dates of February 10, 1981, and July 9, 1981. The record reveals that a total of thirty-seven separate patrols of the parking lots of the Casa de Oro Apartments were made by various units of the Smith County Sheriff's Department between those dates in response to Smith's standing orders (check in

passing orders) referred to in the record on numerous occasions by the acronym CIPs. Twenty CIPs were made by sheriff units in February, nine in March, six in April, one in June, and one in July. The evidence shows without dispute that Smith was provided a rent-free apartment in Casa de Oro from 1978 to July 15, 1981, in return for his agreement to provide off-duty security services to the complex; and that he lived in the apartment off and on throughout such period of time, sometimes with his companion, Loynell Sandell. Patrol Lieutenant Ron England of the Sheriff's Department testified that routine CIPs are normally discontinued (cancelled) after three days unless follow-up requests are made for subsequent patrols. Pat Clay, the manager of the Casa de Oro Apartments, testified that an apartment renting for $210 a month, plus free electric service amounting to some $30 to $40 monthly, were furnished Smith under the agreement. Clay further testified that Smith told her that he would inform the Sheriff's Department that he was furnishing security services for the Casa de Oro Apartments and would request them to be "... of any help they could."

Smith contends in this court that the evidence is factually insufficient to support the jury's finding that the acts of misconduct found by the jury were willful. We have carefully examined the record, and considering all the evidence adduced before the jury as to the acts of misconduct, and all the facts and circumstances shown by the evidence, we conclude that the evidence is sufficient to support the findings of the jury. Smith's point of error no. 1 is overruled.

The judgment of the trial court is affirmed.