ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 18, 2009

The Honorable Edgar J. Garrett, Jr.
Delta County Attorney
Post Office Box 462
Cooper, Texas 75432

Opinion No. GA-0751

Re: Whether a county employee may legally use a county vehicle to transport a passenger who is not a county officer or employee (RQ-0807-GA)

Dear Mr. Garrett:

Your predecessor asked about a county employee's use of a county vehicle to transport a passenger who is not a county officer or employee.[1] The request letter states that a county road commissioner has used a county vehicle to transport his spouse to places within and outside the county, including a beauty salon, restaurant, and discount store. Request Letter at 1. The request letter suggests that the road commissioner is a county employee who was assigned a county vehicle, but the letter does not elaborate about the commissioner's duties or the terms and circumstances of the assignment.[2] Your predecessor's request letter asks about the "legality" of the use and whether it is "a local decision to be made by the Commissioners Court," but does not identify any particular statute, constitutional provision, or other law that is the subject of the questions. *Id.*

The legality of the county employee's use of county property will depend upon the facts associated with the use. This office does not resolve questions of fact in the opinion process. *See* Tex. Att'y Gen. Op. No. JM-310 (1985) at 5 (noting that "[m]isconduct . . . is a question of fact, which this office cannot address"). Without some specificity regarding the facts, circumstances, and law at issue, we are limited to generally referring you to authorities that may be instructive in your analysis. *See* TEX. CONST. art. III, § 52(a) (providing that a county may not "lend its credit or . . . grant public money or thing of value"); *Tex. Mun. League Intergovernmental Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 383–84 (Tex. 2002) (setting forth public purpose test under article III, section 52(a)); *Godley v. Duval County*, 361 S.W.2d 629, 630 (Tex. Civ. App.—San Antonio 1962, no writ) (stating that, under article III, section 52(a) of the Texas Constitution, a commissioners court is "not authorized to permit the use of county labor, materials or equipment for

---

[1]*See* Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2]The request letter does not specify what road law system is applicable to Delta County. *See generally* TEX. TRANSP. CODE ANN. §§ 252.101–.313 (Vernon 1999 & Supp. 2009) (Chapter 252, Systems of County Road Administration).

other than public use."); *Walker v. City of Georgetown*, 86 S.W.3d 249, 260 (Tex. App.—Austin 2002, pet. denied) (observing that a grant of a thing of value to accomplish a legitimate public purpose is not rendered unconstitutional merely because it incidentally benefits a private interest); Tex. Att'y Gen. Op. No. GA-0721 (2009) at 3 (stating that "[w]hether a political subdivision's [grant of money or thing of value] comports with the requirements of article III, section 52 of the Texas Constitution is for the governing body of the political subdivision to decide in the first instance"). *See also* TEX. PENAL CODE ANN. §§ 39.01, .02 (Vernon 2003) (prohibiting use of government property by a public servant contrary to agreement, contract of employment, a law, or limitation); *State ex rel. Hightower v. Smith*, 671 S.W.2d 32, 35 & n.1 (Tex. 1984) (stating that a charge of official misconduct was sustainable on evidence that private gain was earned through the use of official vehicles); Tex. Att'y Gen. Op. Nos. GA-0480 (2006) at 3 (determining that use of county vehicle by off-duty deputy could be authorized if the predominant purpose is to conserve the peace, H-1089 (1977) at 4–5 (stating that whether public officials may legally allow their spouses or others to travel on state aircraft would depend in part on the particular facts).

## S U M M A R Y

The legality of a county employee's use of county property will depend upon the facts associated with the use. This office does not resolve questions of fact in the opinion process.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee