In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00141-CV**
_____

**IN RE COMMITMENT OF JOHN ARTHUR GRAVES**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-05-05201-CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to civilly commit appellant John Arthur Graves as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013). A jury found that Graves is a sexually violent predator, and the trial court signed a final judgment and order of civil commitment. In two appellate issues, Graves challenges the trial court's admission of testimony concerning the multi-disciplinary team process and denial of Graves's motion to challenge the jury array and to quash the jury panel. We affirm the trial court's judgment and order of civil commitment.

# ISSUE ONE

In his first issue, Graves complains of the trial court's admission of testimony, over his objection, from State's expert Dr. Lisa Clayton concerning the multi-disciplinary team process. During the State's redirect examination of Clayton, the following exchange occurred:

Q.  . . . Is there a filtering process that occurs before you ever see or come in contact with any of these cases?

[Graves's counsel]:  Objection, relevance, Your Honor.

THE COURT:  Overruled.

A. Yes. There's . . . a . . . multidisciplinary task force team that first there's [sic] an evaluation done by a treatment provider, a series of questions, testing. Then the committee looks at it and then it's referred to a psychologist who does another evaluation. And if . . . all those things are positive or think the person has a behavioral abnormality, then it gets referred to me.

Graves complains of the admission of this testimony. According to Graves, the testimony was harmful because it confirmed Dr. Clayton's opinion in the jury's "collective mind[.]"

However, during direct examination, the State had asked Clayton whether she reviewed other experts' diagnoses of Graves, and Clayton testified:

[Dr. Woodrick] is a psychologist that evaluated Mr. Graves in April 2012. . . . His role is, I guess, when . . . offenders are flagged to possibly have a behavioral abnormality, . . . a psychologist is hired by, I guess, the TDCJ, I think, and they do an evaluation to see if --

2

they're kind of the first gate into whether or not this person has a behavioral abnormality. And if the psychologist thinks they do, then they're sent on further for . . . the committee and this procedure. And then usually if they think they are, then usually a psychiatrist is hired to evaluate them further . . . when the case is filed.

Graves did not lodge a relevancy objection until the State's next question, which was whether Woodrick's diagnoses of Graves were similar to Clayton's.

To preserve error for appeal, a party must lodge a timely objection with sufficient specificity to inform the trial court of the ruling sought and the legal basis of the objection. Tex. R. App. P. 33.1(a). Because Graves did not object the first time Clayton testified concerning Dr. Woodrick and the multi-disciplinary team process, he has failed to preserve the issue for review. *See id.* However, even if Graves had properly preserved the issue, "'[a] successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted.'" *In re Commitment of Romo*, No. 09-12-00598-CV, 2013 WL 5874615, at *3 (Tex. App.—Beaumont Oct. 31, 2013, no pet. h.) (mem. op.) (quoting *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753-54 (Tex. 1995)).

Clayton testified that she is a forensic psychiatrist, and she explained that she utilizes her training in conducting forensic risk assessments of individuals such as Graves. Clayton also testified that in conducting such assessments, she reviews

a psychologist's report, a list of offenses, pen packets, prison records, treatment records, medical records, parole records, and sometimes records from the District Attorney's office, and that she followed the same procedure in evaluating Graves. Clayton explained that she then meets with the individual she is evaluating. Clayton testified that she considered Graves's years of deviant sexual behaviors, antisocial personality traits, and narcissistic personality traits, and that she interviewed Graves for approximately three hours. Clayton also explained that she diagnosed Graves with paraphilia NOS, pedophilia, hebephilia, sexual sadism, and a mixed personality disorder that includes both antisocial and narcissistic traits, and she opined that Graves has a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence.

Given Clayton's extensive testimony concerning the records she reviewed, her interview with Graves, her diagnoses of Graves, and her opinion that Graves has a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence, Graves has not demonstrated that the trial court's judgment turns on the admission of the complained-of evidence, nor has he shown that Clayton's testimony concerning Dr. Woodrick and the multi-disciplinary team probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a); *Romo*, 2013 WL 5874615, at *3. We therefore overrule issue one.

4

ISSUE TWO

In his second issue, Graves contends the trial court's decision to deny his motion to challenge the jury array and to quash the jury panel constitutes reversible error. Specifically, Graves argues that structural error occurred because the array did not represent a fair cross-section of the community.

The record reflects that Graves brought his motion "challenging the legality of this jury because it is not fairly representative of a cross section of this community" pursuant to article 35.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 35.07 (West 2006). The Texas Code of Criminal Procedure

> is intended to embrace rules applicable to the prevention and prosecution of offenses against the laws of this State, and to make the rules of procedure in respect to the prevention and punishment of offenses intelligible to the officers who are to act under them, and to all persons whose rights are to be affected by them.

Tex. Code Crim. Proc. Ann. art. 1.03 (West 2005). SVP commitment proceedings are civil matters governed by the Texas Rules of Civil Procedure. Tex. Health & Safety Code Ann. § 841.146(b) (West 2010); *Beasley v. Molett*, 95 S.W.3d 590, 607-08 (Tex. App.—Beaumont 2002, pet. denied). Therefore, the statutory basis Graves cited to the trial court is inapposite. *See* Tex. Health & Safety Code Ann. § 841.146(b); *Beasley*, 95 S.W.3d at 607-08. Additionally, in civil cases, objections

5

to the jury panel must be presented to the judge charged with organizing and impaneling the jurors. *State ex rel. Hightower v. Smith*, 671 S.W.2d 32, 36 (Tex. 1984). The record does not demonstrate that Graves filed his motion with the impaneling judge rather than solely with the trial judge. We conclude that the trial court did not err by denying a motion that was based upon inapplicable authorities and apparently was not presented to the proper judge. *See* Tex. Health & Safety Code Ann. § 841.146(b); *Beasley*, 95 S.W.3d at 607-08; *Hightower*, 671 S.W.2d at 36. Accordingly, we overrule issue two and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 5, 2013
Opinion Delivered December 19, 2013

Before McKeithen, C.J., Kreger and Horton, JJ.